Charles W. CRUMPTON, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2-04-603-CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 10, 2005.

Discretionary Review Refused
March 1, 2006.

---

Factor, Campbell & Shepherd, L.L.P., Kim Campbell, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. Criminal Dist. Atty. Chief of the Appellate Division, Anne Swenson, David M. Curl and Charles Brandenberg, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## MEMORANDUM OPINION[1]

PER CURIAM.

Appellant Charles W. Crumpton, Jr. appeals his conviction for possession of methamphetamine with intent to deliver. In one point, appellant complains that the trial court abused its discretion when it denied his request to withdraw his guilty plea. We affirm.

Appellant entered an open plea of guilty before the trial court on October 21, 2004. In written admonishments signed that same day, appellant waived the preparation of a presentence investigation (PSI) report. The trial court accepted the plea of guilty and took the case under advisement pending a PSI report.[2] On Decem-

---

1. See TEX.R.APP. P. 47.4.

2. Once the trial court has admonished the defendant, received the plea, and received evidence, the passage of the case for a PSI constitutes taking the case under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim.App.1979).

ber 21, 2004, the trial court sentenced appellant to eight years in prison. Before the trial court pronounced the sentence at the hearing, appellant objected to the PSI report and requested that he be allowed to withdraw his guilty plea. The trial court denied appellant's request.

Appellant complains that the trial court abused its discretion when it denied his request to withdraw his plea. He contends that his guilty plea was involuntary because it was based on the misinformation that a PSI report would not be prepared prior to sentencing.

■■ Where, as here, an appellant was duly admonished, the admonishments create a prima facie showing that the guilty plea was entered knowingly and voluntarily.[3] The appellant bears the burden of demonstrating that he was harmed because he did not fully understand the consequences of his plea.[4] Generally, a guilty plea may be withdrawn as a matter of right without assigning a reason until the trial court accepts the plea.[5] After the trial court accepts the plea, allowing withdrawal of the plea is within the court's sound discretion.[6]

■■ In determining whether the trial court abused its discretion, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.[7] We must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.[8] The trial court will not be overturned as long as its ruling was within the zone of reasonable disagreement.[9] The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[10]

■■ The mere fact that appellant claims that he did not know that a PSI report would be prepared prior to his sentencing is not, standing alone, a sufficient basis for us to hold that his plea was involuntary.[11] Prior to his plea, appellant waived his right to a PSI as part of the written plea admonishments. There is, however, no evidence in the record showing that his counsel or the trial court told him that a PSI would not be prepared or that he was promised the trial court would not order a PSI.[12] To the contrary, appellant signed an

---

3. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim.App.1998).

4. *Id.*

5. A trial court accepts the plea after (1) the defendant has entered a plea of guilty or nolo contendere; (2) the trial court has admonished him; (3) the trial court has heard evidence in support of the plea, and (4) the trial court accepts the plea bargain agreement, if any, even though the issue of punishment remains. *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.-Dallas 1993, no pet.).

6. *Jackson,* 590 S.W.2d at 515.

7. *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex. Crim.App.2005).

8. *Id.; Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

9. *Id.*

10. *Manning v. State,* 114 S.W.3d 922, 926 (Tex.Crim.App.2003).

11. *Cf. Fimberg v. State,* 922 S.W.2d 205, 207 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (holding that defendant's claim that he was misinformed by counsel is not enough to hold that his plea was involuntary when record contains no evidence of alleged misinformation by counsel other than appellant's own testimony).

12. There is no record of the guilty plea hearing and no testimony was taken at the continuation of the hearing after the PSI was completed.

admonishment stating that he was not promised anything in exchange for his plea.[13]

Moreover, there is evidence that appellant did, in fact, know that a PSI would be prepared. The trial court's certificate of proceedings bears the hand-written notation that the trial court accepted the plea but "defers finding pending PSI." At the hearing on appellant's request to withdraw his plea, the trial judge stated, "I am certain that we discussed at the time that he requested a presentence investigation report and that's why I ordered one." She also reminded appellant that she had already accepted his plea and therefore had already closed the window of time in which he could withdraw his plea as a matter of right. Considering the record as a whole, and faced with the absence of any evidence indicating that appellant was misinformed about whether a PSI would be prepared, we hold that it reasonably supports the trial court's ruling that appellant's guilty plea was knowing and voluntary.

Accordingly, we hold that the trial court did not abuse its discretion in refusing appellant's request to withdraw his guilty plea. We overrule appellant's sole point and affirm the trial court's judgment.

---

**13.** The cases on which appellant relies are inapposite because they all involved evidence showing that the appellant was promised—or believed he was promised—something in exchange for his guilty plea. *See McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App. 1981) (promises regarding punishment); *Riv-era v. State,* 952 S.W.2d 34, 36 (Tex.App.-San Antonio 1997, no pet.) (promises that the plea could be withdrawn at any time); *Huffman v. State,* 676 S.W.2d 677, 678 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd) (promises regarding sentencing).