COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-011-CR

 

 

BRYANT KEITH AILEY                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The trial court convicted
Appellant Bryant Keith Ailey of two counts of robbery, found the enhancement
paragraphs true, and sentenced him to thirty-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant brings three
issues, arguing that the trial court erred by refusing to allow him to withdraw
his guilty pleas and enforcing the plea agreement and that section 12.32 of the
penal code is unconstitutional as applied.  Because we hold that the trial court did not
abuse its discretion by denying Appellant=s motion to withdraw his guilty pleas and that Appellant failed to
preserve his constitutional issue, we affirm the trial court=s judgment. 

In his third issue, Appellant
contends that section 12.32(a) of the penal code is unconstitutional as applied
because it allows the severity of punishment to be determined at the
fact-finder=s whim.  The constitutionality of a statute as applied
must be raised in the trial court to preserve error.[2]  Because Appellant did not raise this issue
below, he has failed to preserve it for our review.  Accordingly, we overrule his third issue.

In his first issue, Appellant
contends that the trial court erred when it refused to withdraw his guilty
pleas and enforced the plea agreement because the pleas were involuntary and
the plea agreement contained an unenforceable condition.  In his second issue, Appellant contends that
the trial court erred when it denied his motion to withdraw his guilty pleas
because the plea agreement was unenforceable.








The Texas Court of Criminal
Appeals has defined plea bargaining as Athe process by which the defendant in a criminal case relinquishes his
right to go to trial in exchange for a reduction in charge and/or sentence.@[3]  When, however, a defendant
pleads guilty without a plea bargain, and judgment has been pronounced or the
case has been taken under advisement, the trial court=s decision whether to allow a defendant to withdraw his plea is
discretionary.[4]          Although
the boilerplate language of the plea admonishments and waivers provides that
the trial court inquired into any plea bargain agreement before any findings on
the pleas and told Appellant that the trial court would approve the plea
agreement, the reporter=s record
belies the boilerplate language. 
Appellant entered his guilty pleas with no written or oral plea bargain
agreement on the record.  The trial court
found the pleas to be free and voluntary and accepted the pleas before the
State announced its agreement regarding the future recommendation.








After Appellant entered his
guilty pleas, the State informed the trial court that (1) it agreed to a
two-week release of Appellant on personal bond, (2) if Appellant appeared for
sentencing, complied with his bond conditions and did not violate the law, the
State would recommend a fifteen-year sentence on each count with no
enhancements, and (3) if Appellant did not appear for sentencing, the State
would not be bound by the fifteen-year offer but would be free to prove up the
enhancement allegation and seek the full range of punishment.  Appellant did not appear for sentencing, his
bond was forfeited, and the trial court issued a warrant for his arrest.  Appellant was arrested eleven days after the
warrant was issued.

Consequently, in the case now
before this court, we have, at best, a conditional offer.  There was no plea bargain agreement.  Because there was no plea bargain agreement,
but rather only an agreement to agree in the future subject to certain
conditions yet to be performed, Appellant=s guilty plea in each case was an open plea.  As we have already explained, 








Generally,
a guilty plea may be withdrawn as a matter of right without assigning a reason
until the trial court accepts the plea. 
After the trial court accepts the plea, allowing withdrawal of the plea
is within the court=s
sound discretion.  In determining whether
the trial court abused its discretion, we must uphold the trial court=s
ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case.  We
must review the trial court=s ruling in light of what was
before the trial court at the time the ruling was made.  The trial court will not be overturned as
long as its ruling was within the zone of reasonable disagreement.  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.[5]

 

Before denying the motion to
withdraw the guilty pleas, the trial court reviewed the reporter=s record from the plea hearing. 
At the plea hearing, Appellant testified that he had never been
hospitalized for any mental disease or defect and had not been treated by a
psychiatrist.  His lawyer testified that
he believed that Appellant was competent, and the trial court so found.
Appellant testified that he signed the admonishments and that he understood
them.  He similarly testified that he
signed the waiver of rights and consent to stipulation of evidence and that he
understood which rights he was waiving.  He
further testified that he was pleading guilty freely and voluntarily because he
was guilty and for no other reason.  He
also testified that he signed the confessions, that he realized when he signed
them that they were confessions, and that the confessions would be enough
evidence on which to convict him. 








After the State and the trial
court explained that if Appellant did not come back to court after receiving
notice of the sentencing hearing, he would be before the court on an open plea of
guilt to each count, the State would be able to prove the enhancement, and the
range of punishment would be five to ninety-nine years or life, Appellant said
that he understood and had no questions.

At the end of the plea
hearing, the trial court stated, AI=m not going
to make a finding on the pleas at this time. 
I will postpone the sentencing for approximately two
weeks. . . .  I will approve
[Appellant=s] PR [sic]
bond, and then we=ll consider
the plea formally, assuming that he appears at the sentencing hearing.@  Appellant did not appear at
the sentencing hearing.

At the hearing on his motion
to withdraw his guilty pleas, Appellant testified that he did not remember
signing, discussing, testifying, or being questioned about any documents, that
on the day of the plea hearing, he did not understand the waivers, that he
thought that he was going to get time off for surgery and then be placed on
probation if he did not commit any more felonies, and that he did not remember
entering his guilty pleas or being questioned about his guilty pleas.  He also testified that he did not know that
he was supposed to show up at court again. 
He testified that he had tried to commit suicide during a prior stay at
the jail a few years earlier and that he was on suicide watch.  Finally, he testified that if he did commit a
felony during his time off, he understood that he would get A[t]he maximum sentence for the robbery that [he] committed,@ and he admitted that he knew the range of punishment would be five to
ninety-nine years or life.








Appellant=s former trial counsel, who represented him at the time of the plea
hearing, testified at the hearing on Appellant=s motion to withdraw the guilty pleas that he did go over the
documents with Appellant and explained thoroughly to him their contents.  Appellant=s former trial counsel also testified that he believed that Appellant
understood the documents and that Appellant was competent to stand trial.  Finally, Appellant=s former trial counsel testified that he explained to Appellant that
if he did not come back to court after his furlough, or if he committed a new
offense during the furlough, his guilty plea to each count would be treated as
a Atrue open plea.@  Appellant=s former trial counsel also testified that he believed that Appellant
understood those terms on the day of his pleas. 
Based on the evidence before the trial court at the time of its denial
of the motion to withdraw the guilty pleas, we hold that the trial court did
not abuse its discretion by refusing to allow Appellant to withdraw his
pleas.  Accordingly, we overrule
Appellant=s first two
issues.

 

 

 

 

 








Having overruled Appellant=s three issues, we affirm the trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL A: 
CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 14, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Curry
v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).





[3]Perkins
v. Court of Appeals for Third Supreme Judicial Dist. of Tex., 738
S.W.2d 276, 282 (Tex. Crim. App. 1987).





[4]Jackson
v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel
Op.] 1979) (citing McWherter v. State, 571 S.W.2d 312 (Tex. Crim. App.
1978)).  





[5]Crumpton
v. State, 179 S.W.3d 722, 724 (Tex. App.CFort
Worth 2005, pet. ref=d)
(upholding trial court=s
denial of defendant=s
motion to withdraw his open plea of guilty).