COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-011-CR

BRYANT KEITH AILEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court convicted Appellant Bryant Keith Ailey of two counts of robbery, found the enhancement paragraphs true, and sentenced him to thirty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings three issues, arguing that the trial court erred by refusing to allow him to withdraw his guilty pleas and enforcing the plea agreement and that section 12.32 of the penal code is unconstitutional as applied.  Because we hold that the trial court did not abuse its discretion by denying Appellant’s motion to withdraw his guilty pleas and that Appellant failed to preserve his constitutional issue, we affirm the trial court’s judgment. 

In his third issue, Appellant contends that section 12.32(a) of the penal code is unconstitutional as applied because it allows the severity of punishment to be determined at the fact-finder’s whim.  The constitutionality of a statute as applied must be raised in the trial court to preserve error.
(footnote: 2)  Because Appellant did not raise this issue below, he has failed to preserve it for our review.  Accordingly, we overrule his third issue.

In his first issue, Appellant contends that the trial court erred when it refused to withdraw his guilty pleas and enforced the plea agreement because the pleas were involuntary and the plea agreement contained an unenforceable condition.  In his second issue, Appellant contends that the trial court erred when it denied his motion to withdraw his guilty pleas because the plea agreement was unenforceable.

The Texas Court of Criminal Appeals has defined plea bargaining as “the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence.”
(footnote: 3)  When, however, a defendant pleads guilty without a plea bargain, and judgment has been pronounced or the case has been taken under advisement, the trial court’s decision whether to allow a defendant to withdraw his plea is discretionary.
(footnote: 4)   Although the boilerplate language of the plea admonishments and waivers provides that the trial court inquired into any plea bargain agreement before any findings on the pleas and told Appellant that the trial court would approve the plea agreement, the reporter’s record belies the boilerplate language.  Appellant entered his guilty pleas with no written or oral plea bargain agreement on the record.  The trial court found the pleas to be free and voluntary and accepted the pleas before the State announced its agreement regarding the future recommendation.

After Appellant entered his guilty pleas, the State informed the trial court that (1) it agreed to a two-week release of Appellant on personal bond, (2) if Appellant appeared for sentencing, complied with his bond conditions and did not violate the law, the State would recommend a fifteen-year sentence on each count with no enhancements, and (3) if Appellant did not appear for sentencing, the State would not be bound by the fifteen-year offer but would be free to prove up the enhancement allegation and seek the full range of punishment.  Appellant did not appear for sentencing, his bond was forfeited, and the trial court issued a warrant for his arrest.  Appellant was arrested eleven days after the warrant was issued.

Consequently, in the case now before this court, we have, at best, a conditional offer.  There was no plea bargain agreement.  Because there was no plea bargain agreement, but rather only an agreement to agree in the future subject to certain conditions yet to be performed, Appellant’s guilty plea in each case was an open plea.  As we have already explained, 

Generally, a guilty plea may be withdrawn as a matter of right without assigning a reason until the trial court accepts the plea.  After the trial court accepts the plea, allowing withdrawal of the plea is within the court’s sound discretion.  In determining whether the trial court abused its discretion, we must uphold the trial court’s ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  We must review the trial court’s ruling in light of what was before the trial court at the time the ruling was made.  The trial court will not be overturned as long as its ruling was within the zone of reasonable disagreement.  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 5)

Before denying the motion to withdraw the guilty pleas, the trial court reviewed the reporter’s record from the plea hearing.  At the plea hearing, Appellant testified that he had never been hospitalized for any mental disease or defect and had not been treated by a psychiatrist.  His lawyer testified that he believed that Appellant was competent, and the trial court so found. Appellant testified that he signed the admonishments and that he understood them.  He similarly testified that he signed the waiver of rights and consent to stipulation of evidence and that he understood which rights he was waiving.  He further testified that he was pleading guilty freely and voluntarily because he was guilty and for no other reason.  He also testified that he signed the confessions, that he realized when he signed them that they were confessions, and that the confessions would be enough evidence on which to convict him. 

After the State and the trial court explained that if Appellant did not come back to court after receiving notice of the sentencing hearing, he would be before the court on an open plea of guilt to each count, the State would be able to prove the enhancement, and the range of punishment would be five to ninety-nine years or life, Appellant said that he understood and had no questions.

At the end of the plea hearing, the trial court stated, “I’m not going to make a finding on the pleas at this time.  I will postpone the sentencing for approximately two weeks. . . .  I will approve [Appellant’s] PR [sic] bond, and then we’ll consider the plea formally, assuming that he appears at the sentencing hearing.”  Appellant did not appear at the sentencing hearing.

At the hearing on his motion to withdraw his guilty pleas, Appellant testified that he did not remember signing, discussing, testifying, or being questioned about any documents, that on the day of the plea hearing, he did not understand the waivers, that he thought that he was going to get time off for surgery and then be placed on probation if he did not commit any more felonies, and that he did not remember entering his guilty pleas or being questioned about his guilty pleas.  He also testified that he did not know that he was supposed to show up at court again.  He testified that he had tried to commit suicide during a prior stay at the jail a few years earlier and that he was on suicide watch.  Finally, he testified that if he did commit a felony during his time off, he understood that he would get “[t]he maximum sentence for the robbery that [he] committed,” and he admitted that he knew the range of punishment would be five to ninety-nine years or life.

Appellant’s former trial counsel, who represented him at the time of the plea hearing, testified at the hearing on Appellant’s motion to withdraw the guilty pleas that he did go over the documents with Appellant and explained thoroughly to him their contents.  Appellant’s former trial counsel also testified that he believed that Appellant understood the documents and that Appellant was competent to stand trial.  Finally, Appellant’s former trial counsel testified that he explained to Appellant that if he did not come back to court after his furlough, or if he committed a new offense during the furlough, his guilty plea to each count would be treated as a “true open plea.”  Appellant’s former trial counsel also testified that he believed that Appellant understood those terms on the day of his pleas.  Based on the evidence before the trial court at the time of its denial of the motion to withdraw the guilty pleas, we hold that the trial court did not abuse its discretion by refusing to allow Appellant to withdraw his pleas.  Accordingly, we overrule Appellant’s first two issues.

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 14, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Curry v. State
, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).

3:
Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex.
, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987).

4:
Jackson v. State
, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979) (citing 
McWherter v. State
, 571 S.W.2d 312 (Tex. Crim. App. 1978)).  

5:
Crumpton v. State
, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref’d) (upholding trial court’s denial of defendant’s motion to withdraw his open plea of guilty).