

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-258-CR

RODNEY PERKINS                                                     APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Rodney Perkins appeals his conviction for aggravated sexual assault of a child. In two points, appellant argues that the trial court abused its discretion in failing to permit him to withdraw his open plea of guilty. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4

**Background Facts**

The grand jury indicted appellant for sexual offenses involving his stepdaughter. On June 25, 2007, with a jury chosen and trial ready to start the next day, appellant decided to enter an open plea of guilty before the trial court. Appellant also signed written plea admonishments, including admonishments for sex offender registration requirements. The trial judge accepted appellant's plea and agreed to sentence appellant on June 29, 2007.

On June 28, 2007, appellant filed a pro se motion to withdraw his open plea of guilty. The trial court held a hearing on the motion on June 29, 2007, before the punishment phase. At that hearing, appellant testified that he had misunderstood the plea agreement and believed that an open plea meant a "trial by judge." He testified that his plea was not intelligent or voluntary because he did not understand the ramifications of his guilty plea. The trial court denied his motion to withdraw his open plea of guilty and proceeded to the punishment phase of the trial.

After the punishment hearing, the trial court subsequently assessed punishment at thirty-five years' confinement and sentenced him accordingly. Appellant timely filed this appeal.

**Standard of Review**

A defendant may withdraw his guilty plea as a matter of right without assigning a reason at any time before judgment has been pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim App. 1979); *Crumpton v. State,* 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd). Once the judge has admonished the accused and accepted his plea, passing the case for a presentence investigation report constitutes taking the case under advisement. *Crumpton,* 179 S.W.3d at 724; *Thompson v. State,* 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.). However, if a defendant decides to withdraw his guilty plea after the trial court takes the case under advisement or pronounces judgment, the withdrawal of the plea is within the sound discretion of the trial court. *Jackson,* 590 S.W.2d at 515; *Crumpton,* 179 S.W.3d at 724.

In determining whether the trial court abused its discretion, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Carrasco v. State,* 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); *Crumpton,* 179 S.W.3d at 724. An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Crumpton,* 179 S.W.3d at 724.

3

**Applicable Law**

A guilty plea must be made knowingly and voluntarily before it can meet the statutory and constitutional requirements and be accepted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2007); *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)*; Crumpton,* 179 S.W.3d at 724. When the trial court has admonished the defendant concerning the possible range of punishment for the crime for which he stands accused, there is a prima facie showing that the plea was made knowingly and voluntarily. *Martinez,* 981 S.W.2d at 197; *Crumpton,* 179 S.W.3d at 724. The appellant bears the burden of demonstrating that he was harmed because he did not fully understand the consequences of his plea. *Martinez,* 981 S.W.2d at 197; *Crumpton,* 179 S.W.3d at 724.

**Analysis**

On June 25, 2007, appellant stated in open court that he was pleading pursuant to an open plea and signed the written plea admonishments; the trial court accepted his plea and deferred sentencing until June 29, 2007. Appellant did not file his motion to withdraw his open plea of guilty until June 28, 2007. Because the trial court had already taken the case under advisement by accepting appellant's plea before appellant filed his motion to withdraw his

4

open plea of guilty, we review the trial court's denial of appellant's motion under an abuse of discretion standard. *See Jackson,* 590 S.W.2d at 515.

Appellant argues that by entering an open plea of guilty to the trial court, he was merely electing to have his case tried before the judge, rather than a jury. At the hearing on his motion to withdraw his open plea of guilty, appellant testified that he believed in his mind that an "open plea was trial by judge" and that he was willing to accept a trial by jury. However, at the hearing on appellant's open plea of guilty, the following exchange between appellant and the trial judge took place.

> [The Court]: So do you want to still do this or not?
>
> [The Defendant]: If I choose – I want to do it, but I'm saying if I choose not to do it today, I will have to go to trial or –
>
> [The Court]: We have a jury coming in the morning, so speak now or forever hold your peace.
>
> [The Defendant]: What about a trial by judge?
>
> [The Court]: We're not here to negotiate this. We have a jury coming in the morning. If you want to plead guilty and have me assess punishment and plead not true, that's what we're going to do here today. If you don't want to enter a plea of guilty, we'll have a jury in the morning. So tell us.
>
> [The Defendant]: I'll plead.

5

[The Court]:        All right.

                    . . . .

[The Court]:        You're going to plead guilty to this and ask me to assess punishment.  You understand that?

[The Defendant]: Yes, sir.

[The Court]:        And we've gone over the punishment range.  It calls for five years to 99 years or life, and you could receive a fine not to exceed $10,000.  Do you understand the range of punishment?

[The Defendant]: Yes, sir, I do.

                    . . . .

[The Court]:        Okay.  How do you plead on this case, guilty or not guilty?

[The Defendant]: I'm going to plead guilty.

[The Court]:        All right.  I will accept your plea.  We'll come back – we talked about Friday? [for sentencing]

Additionally, in a letter[2] to his ex-wife, appellant wrote that he entered an

open plea (that means-I'm pleading guilty and letting the Judge sentence me) But the prosercutor [sic] and my lawyer want me to go to trial, because I'll get more time with a trial conviction then [sic] with a open plea.

---

[2] The record does not indicate when appellant wrote the letter to his ex-wife; however, the State offered it as Exhibit 10 at the punishment hearing.

6

The record reflects that appellant understood the consequences of his plea and that he entered his plea knowingly and voluntarily. Accordingly, we hold that the trial court did not abuse its discretion by denying his motion to withdraw his open plea of guilty. *See Jackson,* 590 S.W.2d at 515*; Crumpton,* 179 S.W.3d at 725. We overrule appellant's first point.

In his second point, appellant urges us to disregard the abuse of discretion standard in this instance, asking this court to hold instead that in open plea cases, a trial court does not take a case "under advisement" until the punishment phase is completed but before sentencing has occurred. Thus, appellant would have us hold that in open plea cases, a defendant may withdraw his guilty plea as a matter of right until the punishment phase is complete and before the trial court or jury considers what punishment to assess. However, the Texas Court of Criminal Appeals has applied the abuse of discretion standard in a similar case. *See Jackson*, 590 S.W.2d at 515. As in appellant's case, the defendant pled guilty pursuant to an open plea before the trial court, which the trial court accepted. *Id.* at 514. The trial court then set the punishment hearing for a later date. *Id.* Before the defendant's punishment hearing, he filed a motion to withdraw his plea, which the trial court denied. *Id*. The court of criminal appeals applied the abuse of discretion standard in denying the defendant's motion to withdraw his open plea of guilty

7

despite the fact that punishment evidence had not yet been heard. *Id.* at 515.

This court, as an intermediate court of appeals, is bound by controlling authority from the court of criminal appeals. *See Mapes v. State,* 187 S.W.3d 655, 666 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd)*; Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). Because the court of criminal appeals has applied an abuse of discretion standard in a substantially similar case and because appellant has cited no controlling authority supporting his contention that an open plea case should be treated differently from a plea bargain case, we decline to disregard the established standard of review. *See Mapes*, 187 S.W.3d at 666; *Sierra*, 157 S.W.3d at 60. Thus, we overrule appellant's second point.

### Conclusion

Having overruled appellant's two points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL A:   CAYCE, C.J.; LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 8, 2008

8