

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-149-CR**
**NO. 2-07-150-CR**
**NO. 2-07-151-CR**

CHRISTY LEANN RADACY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Christy Leann Radacy pled guilty to two counts of abandoning a child and placing a child in imminent danger[2] and one count of bail jumping.[3] The trial court found her guilty and sentenced her to twenty years' confinement

---

[1] *See* TEX. R. APP. P. 47.4.

[2] *See* TEX. PENAL CODE ANN. § 22.041(b), (e) (Vernon 2003).

[3] *See id.* § 38.10(f).

on the abandonment/endangerment counts and ten years' confinement for bail jumping. In two points, Appellant argues that the trial court erred by denying her motion to withdraw her guilty plea in each case and by not having a presentence investigation report (PSI) prepared. Because we hold that the trial court did not err, we affirm the trial court's judgments.

## BACKGROUND FACTS

Appellant is the mother of twin girls. When the twins were three or four months old, Appellant became involved with Sari Muhanna and began living with him. From the time the twins were about nine months old, they lived with Appellant's aunt, Laura Reynolds. Reynolds testified that Muhanna was very controlling and that Appellant changed upon meeting him.

On May 26, 2003, Reynolds took the twins to visit Appellant at a deli and convenience store owned by Muhanna. After seeing Muhanna and Appellant enter the store, Reynolds took the twins inside and left them with Muhanna. A short time later, she saw Muhanna in his car approaching the intersection where she was stopped in her car; Appellant was in the vehicle with Muhanna. Muhanna's vehicle stopped in the turn lane. As the light changed, the twins' diaper bag hit Reynold's car window. She looked back in her rearview mirror and saw the twins standing in the turn lane at the intersection and Appellant

2

getting into Muhanna's car; Muhanna then drove away, leaving the twins in the street.

Appellant was arrested and charged with two counts of abandoning a child and placing a child in imminent danger (one count for each daughter). In April 2004, she left the country. She returned to the country voluntarily and was returned to custody and charged with bail jumping. On July 1, 2004, she entered a plea of guilty to all of the charges. The next day, she was released on bond with an ankle monitor, but on July 18, 2004, she cut off the monitor and again fled the country.

On September 7, 2004, the trial court held a sentencing hearing. The trial court had previously ordered the preparation of a PSI, but because Appellant had voluntarily absented herself from the jurisdiction, the PSI was not completed. The trial court proceeded with sentencing without it. Appellant's counsel filed a motion to withdraw the guilty pleas, which the trial court denied. The court then found Appellant guilty and ruled that her sentences would be twenty years' confinement on the abandonment/endangerment counts and ten years' confinement on the bail jumping case, noting that the sentences could not be imposed until Appellant appeared in court.[4]

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2007); *In re Risley*, 190 S.W.3d 853, 855–56 (Tex. App.—Fort Worth 2006,

3

Appellant was returned to custody on March 8, 2007, and on March 23, 2007, the trial court held a hearing to pronounce the sentences. Appellant testified that on the day in question, she and Muhanna had honked at Reynolds, and both cars had pulled over to the side of the road, where Appellant gave Reynolds the twins and the diaper bag. Appellant also testified that she had left the country because she was pregnant and because Muhanna was concerned that CPS would take the baby when it was born.

## MOTION TO WITHDRAW GUILTY PLEAS

In her first point, Appellant argues that she should have been allowed to withdraw her pleas of guilty as a matter of right when she moved to withdraw them immediately prior to the September 7, 2004 hearing on punishment. A defendant may withdraw her guilty plea as a matter of right without assigning a reason at any time before judgment has been pronounced or before the case has been taken under advisement.[5] The withdrawal of a guilty plea after judgment has been pronounced or the case has been taken under advisement, however, is at the trial court's discretion.[6] A trial court who passes a case for

orig. proceeding).

[5] *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd).

[6] *Jackson*, 590 S.W.2d at 515; *Crumpton*, 179 S.W.3d at 724.

4

a PSI after admonishing a defendant and accepting her plea has taken the case under advisement.[7]

Appellant entered her plea of guilty in each case on July 1, 2004, when she signed written plea admonishments and a judicial confession. The trial court accepted the pleas and ordered the PSI. The trial court, therefore, had taken the cases under advisement. Appellant had no absolute right to withdraw her pleas.

Alternatively, Appellant argues that the trial court abused its discretion by refusing to allow her to withdraw her pleas. As this court has already explained,

> In determining whether the trial court abused its discretion, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. We must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. The trial court will not be overturned as long as its ruling was within the zone of reasonable disagreement. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[8]

At the time of the trial court's ruling, Appellant's judicial confession and the testimony of Laura Reynolds concerning the incident and Muhanna's controlling

---

[7] *Jackson*, 590 S.W.2d at 515; *Crumpton*, 179 S.W.3d at 723 n.2.

[8] *Crumpton*, 179 S.W.3d at 724 (citations omitted).

behavior had been admitted.  We therefore hold that the trial court did not abuse its discretion by refusing to allow Appellant to withdraw her guilty pleas. We overrule Appellant's first point.

## No PSI

In her second point, Appellant argues that the trial court erred by failing to have a PSI prepared as the trial court had previously ordered.  The law is well settled that when a defendant voluntarily absents herself after pleading to the indictment or information, the trial may proceed to its conclusion in the defendant's absence.[9]  If a defendant fails to object to the trial court's proceeding without a PSI, that defendant forfeits any complaint on appeal regarding the lack of a PSI.[10]

Appellant was released on bond and placed on an electronic monitor on July 2, 2004.  On July 18, 2004, she cut off the monitor and fled the country. Consequently, she did not appear at the scheduled punishment hearing on September 7, 2004.  The trial court, pursuant to law, conducted a punishment hearing in Appellant's voluntary absence; her trial counsel was present.  The trial court noted at the hearing that Appellant had jumped bond and had left the

---

[9] TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006).

[10] *Summers v. State*, 942 S.W.2d 695, 696 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

6

jurisdiction of the court before the PSI could be prepared.  Appellant's counsel did not object to the trial court's proceeding without a PSI.  Consequently, we overrule Appellant's second point.

## CONCLUSION

Having overruled Appellant's two points, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 19, 2008

7