COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-149-CR

NO. 2-07-150-CR

NO. 2-07-151-CR

 

 

CHRISTY LEANN RADACY                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Christy Leann Radacy pled guilty to two
counts of abandoning a child and placing a child in imminent danger[2]
and one count of bail jumping.[3]  The trial court found her guilty and
sentenced her to twenty years=
confinement on the abandonment/endangerment counts and ten years=
confinement for bail jumping. In two points, Appellant argues that the trial
court erred by denying her motion to withdraw her guilty plea in each case and
by not having a presentence investigation report (PSI) prepared.  Because we hold that the trial court did not
err, we affirm the trial court=s
judgments.  

Background Facts

Appellant is the mother of twin girls.  When the twins were three or four months old,
Appellant became involved with Sari Muhanna and began living with him.  From the time the twins were about nine
months old, they lived with Appellant=s aunt,
Laura Reynolds.  Reynolds testified that
Muhanna was very controlling and that Appellant changed upon meeting him.








On May 26, 2003, Reynolds took the twins to visit
Appellant at a deli and convenience store owned by Muhanna.  After seeing Muhanna and Appellant enter the
store, Reynolds took the twins inside and left them with Muhanna.  A short time later, she saw Muhanna in his
car approaching the intersection where she was stopped in her car; Appellant
was in the vehicle with Muhanna.  Muhanna=s
vehicle stopped in the turn lane.  As the
light changed, the twins= diaper bag hit Reynold=s car
window.  She looked back in her rearview
mirror and saw the twins standing in the turn lane at the intersection and Appellant
getting into Muhanna=s car; Muhanna then drove away,
leaving the twins in the street.  

Appellant was arrested and charged with two
counts of abandoning a child and placing a child in imminent danger (one count
for each daughter).  In April 2004, she
left the country.  She returned to the
country voluntarily and was returned to custody and charged with bail jumping.  On July 1, 2004, she entered a plea of guilty
to all of the charges.  The next day, she
was released on bond with an ankle monitor, but on July 18, 2004, she cut off
the monitor and again fled the country.

On September 7, 2004, the trial court held a
sentencing hearing.  The trial court had
previously ordered the preparation of a PSI, but because Appellant had
voluntarily absented herself from the jurisdiction, the PSI was not
completed.  The trial court proceeded
with sentencing without it.  Appellant=s
counsel filed a motion to withdraw the guilty pleas, which the trial court
denied.  The court then found Appellant
guilty and ruled that her sentences would be twenty years=
confinement on the abandonment/endangerment counts and ten years=
confinement on the bail jumping case, noting that the sentences could not be
imposed until Appellant appeared in court.[4]








Appellant was returned to custody on March 8,
2007, and on March 23, 2007, the trial court held a hearing to pronounce the
sentences.  Appellant testified that on
the day in question, she and Muhanna had honked at Reynolds, and both cars had
pulled over to the side of the road, where Appellant gave Reynolds the twins
and the diaper bag.  Appellant also
testified that she had left the country because she was pregnant and because
Muhanna was concerned that CPS would take the baby when it was born.

Motion to Withdraw
Guilty Pleas








In her first point, Appellant argues that she
should have been allowed to withdraw her pleas of guilty as a matter of right
when she moved to withdraw them immediately prior to the September 7, 2004
hearing on punishment.  A defendant may
withdraw her guilty plea as a matter of right without assigning a reason at any
time before judgment has been pronounced or before the case has been taken
under advisement.[5]  The withdrawal of a guilty plea after
judgment has been pronounced or the case has been taken under advisement,
however, is at the trial court=s
discretion.[6]  A trial court who passes a case for a PSI
after admonishing a defendant and accepting her plea has taken the case under
advisement.[7]  

Appellant entered her plea of guilty in each case
on July 1, 2004, when she signed written plea admonishments and a judicial
confession.  The trial court accepted the
pleas and ordered the PSI. The trial court, therefore, had taken the cases
under advisement.  Appellant had no
absolute right to withdraw her pleas.

Alternatively, Appellant argues that the trial
court abused its discretion by refusing to allow her to withdraw her
pleas.  As this court has already
explained,

In determining whether
the trial court abused its discretion, we must uphold the trial court=s ruling if it is
reasonably supported by the record and is correct under any theory of law
applicable to the case.  We must review
the trial court=s ruling in light of what
was before the trial court at the time the ruling was made.  The trial court will not be overturned as
long as its ruling was within the zone of reasonable disagreement.  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.[8]

 








At the time of the trial court=s
ruling, Appellant=s judicial confession and the
testimony of Laura Reynolds concerning the incident and Muhanna=s
controlling behavior had been admitted. 
We therefore hold that the trial court did not abuse its discretion by
refusing to allow Appellant to withdraw her guilty pleas. We overrule Appellant=s first
point.

No PSI

In her second point, Appellant argues that the
trial court erred by failing to have a PSI prepared as the trial court had
previously ordered.  The law is well
settled that when a defendant voluntarily absents herself after pleading to the
indictment or information, the trial may proceed to its conclusion in the
defendant=s absence.[9]  If a defendant fails to object to the trial
court=s
proceeding without a PSI, that defendant forfeits any complaint on appeal
regarding the lack of a PSI.[10]








Appellant was released on bond and placed on an
electronic monitor on July 2, 2004.  On
July 18, 2004, she cut off the monitor and fled the country.  Consequently, she did not appear at the
scheduled punishment hearing on September 7, 2004.  The trial court, pursuant to law, conducted a
punishment hearing in Appellant=s
voluntary absence; her trial counsel was present.  The trial court noted at the hearing that
Appellant had jumped bond and had left the jurisdiction of the court before the
PSI could be prepared.  Appellant=s
counsel did not object to the trial court=s
proceeding without a PSI.  Consequently,
we overrule Appellant=s second point.

Conclusion

Having overruled Appellant=s two
points, we affirm the trial court=s
judgments.  

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  June 19, 2008











[1]See Tex. R. App. P. 47.4.





[2]See
Tex. Penal Code Ann. ' 22.041(b), (e) (Vernon
2003).





[3]See id. ' 38.10(f).





[4]See Tex. Code Crim. Proc. Ann. art. 42.03, ' 1(a) (Vernon Supp.
2007); In re Risley, 190 S.W.3d 853, 855B56 (Tex. App.CFort Worth 2006, orig.
proceeding).





[5]Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. [Panel Op.] 1979); Crumpton v. State, 179 S.W.3d 722,
724 (Tex. App.CFort Worth 2005, pet. ref=d).





[6]Jackson, 590 S.W.2d at 515; Crumpton,
179 S.W.3d at 724.





[7]Jackson, 590 S.W.2d at 515; Crumpton,
179 S.W.3d at 723 n.2.





[8]Crumpton, 179 S.W.3d at 724
(citations omitted).





[9]TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon
2006).





[10]Summers v. State, 942 S.W.2d 695, 696
(Tex. App.CHouston [14th Dist.]
1997, no pet.).