

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-18-00118-CR

EX PARTE
KEMONE DUANE RODGERS

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. C-297-W011201-1488359-AP

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kemone Duane Rodgers appeals the trial judge's denial of relief on his application for a writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure.[2]  *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015).  Appellant contends that his guilty plea was not knowing, intelligent, and

----

[1]*See* Tex. R. App. P. 47.4.

[2]The same trial judge who placed Appellant on deferred adjudication community supervision denied his requested relief under article 11.072.  For simplicity's sake, we use the term "trial judge" rather than "habeas judge" to refer to that judge throughout this opinion.

voluntary because of ineffective assistance of trial counsel, and he seeks to withdraw that plea as well as to recover court costs, *see id.* art. 11.50, and any other relief to which he may be entitled. We affirm.

## I. BACKGROUND FACTS

### A. Appellant Pled Guilty in Exchange for Deferred Adjudication Community Supervision.

On May 12, 2017, Appellant pled guilty to the possession of less than a gram of the penalty group I controlled substance cocaine in exchange for two years' deferred adjudication community supervision and a $200 fine. His plea paperwork provides in part:

> 10. **Deferred Adjudication:** Should the Court defer adjudicating your guilt and place you on community supervision, upon violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge. This determination is reviewable in the same manner as a revocation hearing in a case in which an adjudication of guilt had not been deferred. Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense. After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred.
>
> . . . .
>
> Upon receiving discharge and dismissal of deferred adjudication community supervision under Sec. 5(c), Art.[ ]42.12, TEX. CODE OF CRIMINAL PROCEDURE, and unless you are ineligible because of the nature of the offense for which you are placed on deferred adjudication community supervision, or because of your criminal history,

2

you may have a right to petition the Court for an order of nondisclosure under Section 411.081, TEX. GOVERNMENT CODE. _____ (initials).

11. **Community Supervision:** If the Court grants you community supervision as opposed to deferred adjudication, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the court, without a jury, whether to revoke your community supervision and sentence you to confinement for a period of time not to exceed that originally assessed by the Court at the time you were found guilty. _____ (initials).

Appellant's handwritten initials appear in both blanks in the above portion of the plea paperwork.

Appellant's plea paperwork also includes a list of waivers:

## WRITTEN WAIVERS OF DEFENDANT–JOINED BY ATTORNEY

Comes now the Defendant, in open Court, joined by my attorney and states:

(A)     I am able to read the English language. I fully understand each of the above written plea admonishments given by the Court and I have no questions. . . .

. . . .

(C)     I am aware of the consequences of my plea;

(D)     I am mentally competent and my plea is knowingly, freely, and voluntarily entered. No one has threatened, coerced, forced, persuaded or promised me anything in exchange for my plea;

. . . .

(J)     I am totally satisfied with the representation given to me by my attorney. My attorney provided me fully effective and competent representation;

. . . .

(P)     I give up and waive the attendance and record of a court reporter under Rule 13.1, TEXAS RULES OF APPELLATE PROCEDURE; [and]

. . . .

(S)     I request that the Court approve the plea recommendation set out above, and dispose of my case in accordance therewith.

. . . .

_____
DEFENDANT

Appellant's signature fills the blank labelled "DEFENDANT" at the bottom of the list of waivers. Under his signature appears the following:

> I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof. . . .

_____
ATTORNEY FOR DEFENDANT

Appellant's trial counsel signed the blank indicated.

Appellant's sworn judicial confession, in which he confesses his guilt to the charged offense, and his sworn application for community supervision follow the waivers section of the paperwork.

## B.     The Trial Judge Followed the Plea Bargain.

The trial judge honored the agreement, placing Appellant on deferred adjudication community supervision for two years and setting community supervision conditions. In addition to the plea paperwork described above,

4

Appellant signed an "Agreement to Return [and] Waiver of Extradition."  In that document, he agreed to, among other things, "comply with the conditions of community supervision."  Appellant also signed a copy of his "Conditions of Community Supervision" and the trial judge's certification of his right to appeal.

## C.    Appellant Complained About the Bargain on the Day He Made it.

After the hearing on the plea bargain but on the same day, Appellant wrote a letter to the trial judge, claiming that

- His attorney told him before he agreed to the bargain that he would "not have to do community supervision probation";

- The community supervision conditions were not mentioned during the plea hearing;

- After the hearing, he "was rushed to sign and fingerprint multiple sheets of paper without having an appropriate amount of time to thoroughly review each document";

- A "courtroom official" printed out the community supervision conditions and told him that he had to "go speak with a [community supervision] officer only one time . . . and that was it";

- The same official told him that deferred adjudication is the same as "community supervision probation";

- At around 12:45 p.m., Appellant "noticed a lot of additional punishments, requirements[,] and fees involving the community supervision probation that were not mentioned in the court hearing and were not a part of the agreement";

- Appellant called his trial counsel and told him that he had not agreed to the extra conditions not discussed in the hearing;

- Appellant's trial counsel said he would file a motion to modify the following week;

5

- "The court[] imposed a punishment significantly greater and different[] than the plea agreement [provided] at the time it was entered";

- The court "mistakenly imposed 2 year[s'] community supervision probation in exchange for confinement time";

- "That was not a part of the agreement . . . , because [he] was confined for a long enough amount of time for some to be given time served, at the judge's discretion"; and

- Appellant wanted the trial court to modify the plea bargain.

**D.    About Seven Months After the Trial Judge Placed Him on Deferred Adjudication Community Supervision, Appellant Filed an Application for Writ of Habeas Corpus, and the State Filed a Response.**

In his application for writ of habeas corpus filed in the trial court, Appellant contends that his guilty plea was not knowing, intelligent, or voluntary and that he was denied effective assistance of counsel.  Specifically, Appellant complains that in describing the plea offer, his trial counsel told him that the prosecutor was not recommending community supervision and advised him to "go ahead and sign the papers."  Appellant argues that (1) his trial counsel committed ineffective assistance of counsel by not explaining to him that deferred adjudication is a type of community supervision and (2) if he had known that deferred adjudication was a type of community supervision and that he would have to comply with community supervision conditions other than paying his fine and committing no other crimes, he would not have pled guilty but would have instead pled not guilty and gone to trial.  Appellant seeks court costs and the withdrawal of his guilty plea.  As support, Appellant attaches his own affidavit and a copy of the

6

conditions of community supervision, and he refers to the indictment, the plea paperwork, the letter he wrote the trial judge on May 12, 2017, and an email including a slightly different version of that letter.

The State filed a response to Appellant's application, arguing that Appellant's claim should be denied because he had failed to prove that his plea was involuntary due to ineffective assistance of trial counsel. In support of its contention, the State points to the various, relevant portions of the plea paperwork that Appellant had initialed or signed, proof that he had received a copy of the conditions of community supervision on the day of his plea, and his signed waiver of extradition.

## E. The Trial Judge Denied Habeas Relief.

The trial judge denied Appellant's requested relief, adopting the findings of fact and conclusions of law proposed by the State:

### FINDINGS OF FACT

1. Applicant was charged with the state jail felony offense of Possession of a Controlled Substance.

2. Applicant filed an application requesting community supervision.

3. According to Applicant, his plea counsel advised him to sign the documents necessary to receive community supervision.

4. Applicant pleaded guilty to the state jail felony Possession of a Controlled Substance.

5. When Applicant pleaded guilty, he was admonished in writing in accordance with art. 26.13.

6. Applicant's admonishments include two signatures by Applicant.

7

7. Applicant initialed paragraph 10 of the admonishments which explained that "should the court defer adjudicating [his] guilt and place [him] on community supervision, upon violation of any imposed condition, [he] may be arrested and detained as provided by law."

8. Applicant received the conditions of community supervision in open court on May 12, 2017.

9. In his waiver, Applicant signed that he understood the admonishments; he was aware of the entire range of punishment; and that he was pleading freely, knowingly, and voluntarily.

10. Applicant signed an Agreement to Return Waiver of Extradition, in which he agreed to comply with the conditions of community supervision including a requirement that he stay in Tarrant [C]ounty unless given permission to leave by his Community Supervision Officer, and in which he waived extradition from any jurisdiction in the case that he violates any of the terms of community supervision.

11. Applicant received community supervision in accordance with his request.

## CONCLUSIONS OF LAW

1. In a habeas corpus proceeding, the burden of proof is on the applicant. An applicant must prove by a preponderance of the evidence that the error contributed to his conviction or punishment.

2. In order to prevail, the applicant must present facts that, if true, would entitle him to the relief requested. Relief may be denied if the applicant states only conclusions, and not specific facts. In addition, an applicant's sworn allegations alone are not sufficient to prove his claims.

3. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.

4. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given.

8

5. Applicant was properly admonished in accordance with Tex. Code Crim. Proc. Art. 26.13.

6. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

7. Counsel's advice was consistent with Applicant's desire for community supervision.

8. Applicant has failed to prove that Counsel's advice was not within the range of competence demanded of attorneys in criminal cases.

9. Counsel's advice was within the range of competence demanded of attorneys in criminal cases.

10. Applicant has failed to prove that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

11. Applicant has not overcome the presumption that his plea was regular.

12. Applicant has failed to prove that his plea was not voluntary due to ineffective assistance of counsel.

13. Applicant's plea was regular.

14. Applicant's plea was voluntary.

[Citations and selected internal quotation marks omitted.]

## II. DISCUSSION

### A. We Review the Trial Judge's Denial of Habeas Relief for an Abuse of Discretion.

We generally review the denial of relief under article 11.072 for an abuse

of discretion. *See Ex parte Mello,* 355 S.W.3d 827, 832 (Tex. App.—Fort Worth

2011, pet. ref'd). "We review the evidence in the light most favorable to the habeas court's ruling" and "afford great deference to the habeas court's findings of facts and conclusions of law that are supported by the record." *Id.* This deferential review applies even when, as here, the findings of fact are based on the record and an affidavit rather than on live testimony. *See id.*; *see also Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Ex parte Tamayo*, No. 02-17-00135-CR, 2017 WL 6047731, at *4–5 (Tex. App.—Fort Worth Dec. 7, 2017, no pet.) (mem. op., not designated for publication).

**B.    The Trial Judge Did Not Abuse Its Discretion by Finding that Appellant's Guilty Plea was Made Knowingly and Voluntarily.**

An applicant seeking habeas relief under article 11.072 based on ineffective assistance of trial counsel has the burden of proving that ineffectiveness by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). To prove ineffective assistance, the applicant must demonstrate that (1) trial counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's deficiency, "there is a reasonable probability of a different outcome." *Id.* An applicant like Appellant who collaterally challenges his guilty plea satisfies the prejudice prong by showing that "but for counsel's errors, he would not have ple[d] guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985)).

10

When the record shows that an applicant was properly admonished, it presents prima facie evidence that his guilty plea was knowingly and voluntarily made. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Colson*, No. 07-16-00447-CR, 2017 WL 4341449, at *3 (Tex. App.—Amarillo Sept. 29, 2017, no pet.) (mem. op., not designated for publication). An applicant may overcome this prima facie evidence by demonstrating that he did not fully understand the effects of his guilty plea and was therefore harmed. *Martinez*, 981 S.W.2d at 197; *Colson*, 2017 WL 4341449, at *3. But an applicant's uncorroborated testimony that counsel gave him misinformation or bad advice is insufficient to meet this burden. *Colson*, 2017 WL 4341449, at *3; *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.—Fort Worth 2005, pet. ref'd).

Here, Appellant was admonished in writing in accordance with article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2017). Nothing in the plea paperwork indicates that trial counsel did not explain deferred adjudication community supervision to Appellant or that he did not fully understand the requirements thereof, and Appellant affirmatively requested community supervision and swore that he understood the admonishments and the range of punishment and that his guilty plea was intelligent, knowing, and voluntary. Appellant points only to his own words, whether by letter to the trial judge or affidavit attached to his application, as evidence that he did not fully

11

understand the consequences of his plea. Those uncorroborated words are not enough for this court to override the trial judge's credibility determinations. *See Colson*, 2017 WL 4341449, at *3; *Arreola*, 207 S.W.3d at 391; *Crumpton*, 179 S.W.3d at 724. We therefore hold that the trial judge did not abuse his discretion by (1) rejecting Appellant's contention that his guilty plea was not intelligently, knowingly, and voluntarily made and (2) denying his requested relief.

## III.   CONCLUSION

Having held that the trial judge did not abuse his discretion by denying Appellant's requested habeas relief under article 11.072, we affirm the trial court's order.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  MEIER, GABRIEL, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 7, 2018

12