COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-258-CR

 

 

RODNEY PERKINS                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Rodney Perkins
appeals his conviction for aggravated sexual assault of a child.  In two points, appellant argues that the
trial court abused its discretion in failing to permit him to withdraw his open
plea of guilty.  We affirm.

 








Background Facts

The grand jury indicted
appellant for sexual offenses involving his stepdaughter.  On June 25, 2007, with a jury chosen and
trial ready to start the next day, appellant decided to enter an open plea of
guilty before the trial court.  Appellant
also signed written plea admonishments, including admonishments for sex
offender registration requirements.  The
trial judge accepted appellant=s plea and agreed to sentence appellant on June 29, 2007. 

On June 28, 2007, appellant
filed a pro se motion to withdraw his open plea of guilty.  The trial court held a hearing on the motion
on June 29, 2007, before the punishment phase. 
At that hearing, appellant testified that he had misunderstood the plea
agreement and believed that an open plea meant a Atrial by judge.@  He testified that his plea was not
intelligent or voluntary because he did not understand the ramifications of his
guilty plea.  The trial court denied his
motion to withdraw his open plea of guilty and proceeded to the punishment
phase of the trial.

After the punishment hearing,
the trial court subsequently assessed punishment at thirty-five years= confinement and sentenced him accordingly. Appellant timely filed
this appeal. 

 

 








Standard of Review

A defendant may withdraw his
guilty plea as a matter of right without assigning a reason at any time before
judgment has been pronounced or the case has been taken under advisement.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim App. 1979); Crumpton v. State, 179 S.W.3d 722, 724 (Tex. App.CFort Worth 2005, pet. ref=d).  Once the judge has
admonished the accused and accepted his plea, passing the case for a
presentence investigation report constitutes taking the case under
advisement.  Crumpton, 179 S.W.3d
at 724; Thompson v. State, 852 S.W.2d 268, 270 (Tex. App.CDallas 1993, no pet.).  However,
if a defendant decides to withdraw his guilty plea after the trial court takes
the case under advisement or pronounces judgment, the withdrawal of the plea is
within the sound discretion of the trial court. 
Jackson, 590 S.W.2d at 515; Crumpton, 179 S.W.3d at
724.  

In determining whether the
trial court abused its discretion, we must uphold the trial court=s ruling if it is reasonably supported by the record and is correct
under any theory of law applicable to the case. 
Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); Crumpton,
179 S.W.3d at 724.  An abuse of
discretion is shown only when the trial court=s ruling lies outside the Azone of reasonable disagreement.@  Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000); Crumpton, 179 S.W.3d at
724.   








Applicable Law

A guilty plea must be made
knowingly and voluntarily before it can meet the statutory and constitional
requirements and be accepted.  See Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon Supp. 2007); Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Crumpton, 179 S.W.3d at 724.  When the trial court has admonished the
defendant concerning the possible range of punishment for the crime for which
he stands accused, there is a prima facie showing that the plea was made knowingly
and voluntarily.  Martinez, 981
S.W.2d at 197; Crumpton, 179 S.W.3d at 724.  The appellant bears the burden of
demonstrating that he was harmed because he did not fully understand the
consequences of his plea.  Martinez, 981
S.W.2d at 197; Crumpton, 179 S.W.3d at 724.  

Analysis








On June 25, 2007, appellant
stated in open court that he was pleading pursuant to an open plea and signed
the written plea admonishments; the trial court accepted his plea and deferred
sentencing until June 29, 2007. 
Appellant did not file his motion to withdraw his open plea of guilty
until June 28, 2007. Because the trial court had already taken the case under
advisement by accepting appellant=s plea before appellant filed his motion to withdraw his open plea of
guilty, we review the trial court=s denial of appellant=s motion under an abuse of discretion standard.  See Jackson, 590 S.W.2d at 515.

Appellant argues that by
entering an open plea of guilty to the trial court, he was merely electing to
have his case tried before the judge, rather than a jury.  At the hearing on his motion to withdraw his
open plea of guilty, appellant testified that he believed in his mind that an Aopen plea was trial by judge@ and that he was willing to accept a trial by jury.  However, at the hearing on appellant=s open plea of guilty, the following exchange between appellant and
the trial judge took place.

[The
Court]:        So do you want to still do
this or not?

 

[The
Defendant]:  If I choose B I
want to do it, but I=m
saying if I                          choose
not to do it today, I will have to go to trial                     or
B 

 

[The Court]:        We have a jury coming in the morning, so
speak                        now or forever hold your peace.

 

[The
Defendant]:  What about a trial by judge?

 

[The Court]:        We=re not here to negotiate
this.  We have a jury                       coming
in the morning.  If you want to plead
guilty and have me assess punishment and plead not true, that=s
what we=re
going to do here today.  If you don=t
want to enter a plea of guilty, we=ll have a jury in the
morning.  So tell us.

 

[The
Defendant]:  I=ll
plead.

 








[The
Court]:        All right.

 

. . . . 

 

[The Court]:        You=re going to plead guilty to
this and ask me to                      assess punishment.  You understand that?

 

[The
Defendant]: Yes, sir.

 

[The Court]:        And we=ve
gone over the punishment range.  It                         calls
for five years to 99 years or life, and you could receive a fine not to exceed
$10,000.  Do you understand the range of
punishment?

 

[The
Defendant]:  Yes, sir, I do.

 

. . . . 

 

[The Court]:        Okay. 
How do you plead on this case, guilty or                        not
guilty?

 

[The
Defendant]:  I=m
going to plead guilty.

 

[The
Court]:        All right.  I will accept your plea.  We=ll come                              back B we
talked about Friday? [for sentencing]

 

Additionally, in a letter[2]
to his ex-wife, appellant wrote that he entered an 

open
plea (that means-I=m
pleading guilty and letting the Judge sentence me) But the prosercutor [sic]
and my lawyer want me to go to trial, because I=ll
get more time with a trial conviction then [sic] with a open plea. 

 








The record reflects that
appellant understood the consequences of his plea and that he entered his plea
knowingly and voluntarily.  Accordingly,
we hold that the trial court did not abuse its discretion by denying his motion
to withdraw his open plea of guilty.  See
Jackson, 590 S.W.2d at 515; 
Crumpton, 179 S.W.3d at 725. 
We overrule appellant=s first point.








In his second point,
appellant urges us to disregard the abuse of discretion standard in this instance,
asking this court to hold instead that in open plea cases, a trial court does
not take a case Aunder
advisement@ until the
punishment phase is completed but before sentencing has occurred.  Thus, appellant would have us hold that in
open plea cases, a defendant may withdraw his guilty plea as a matter of right
until the punishment phase is complete and before the trial court or jury considers
what punishment to assess.  However, the
Texas Court of Criminal Appeals has applied the abuse of discretion standard in
a similar case.  See Jackson, 590
S.W.2d at 515.  As in appellant=s case, the defendant pled guilty pursuant to an open plea before the
trial court, which the trial court accepted.  Id. at 514.  The trial court then set the punishment
hearing for a later date.  Id.  Before the defendant=s punishment hearing, he filed a motion to withdraw his plea, which
the trial court denied.  Id.  The court of criminal appeals applied the
abuse of discretion standard in denying the defendant=s motion to withdraw his open plea of guilty despite the fact that
punishment evidence had not yet been heard. 
Id. at 515.  This court, as
an intermediate court of appeals, is bound by controlling authority from the
court of criminal appeals.  See Mapes
v. State, 187 S.W.3d 655, 666 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d); Sierra v. State, 157 S.W.3d 52, 60 (Tex. App.CFort Worth 2004), aff=d, 218 S.W.3d 85 (Tex. Crim. App. 2007).  Because the court of criminal appeals has
applied an abuse of discretion standard in a substantially similar case and
because appellant has cited no controlling authority supporting his contention
that an open plea case should be treated differently from a plea bargain case,
we decline to disregard the established standard of review.  See Mapes, 187 S.W.3d at 666; Sierra,
157 S.W.3d at 60.  Thus, we overrule
appellant=s second
point.

Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 8, 2008     











[1]See Tex. R. App. P. 47.4





[2]The
record does not indicate when appellant wrote the letter to his ex-wife;
however, the State offered it as Exhibit 10 at the punishment hearing.