Affirmed as Reformed and Memorandum Opinion filed April 14, 2009








Affirmed as Reformed and Memorandum Opinion filed April 14,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00929-CR

____________

 

KENNETH ANDREW ROBERT HYATT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1169492

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kenneth Andrew Robert Hyatt was charged with
aggravated sexual assault of a child.  He entered a plea of guilty without an
agreed recommendation, and the trial court ordered preparation of a presentence
investigation (PSI) report.  After hearing the PSI report, the court assessed
punishment at 50 years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  In two issues, appellant contends
the trial court erred in (1) permitting him to plead guilty to an information
without waiver of indictment, and (2) denying the motion to withdraw his guilty
plea.  We affirm.








Factual and Procedural History

According to the PSI, the complainant was hospitalized in
March, 2007 for pain in her abdomen.  Surgeons removed a crayon from her
abdomen, but were puzzled as to how it became lodged there.  Four months later,
the complainant was hospitalized again for pain in her abdomen.  Two physicians
noticed bruises in varying stages of healing and requested Child Protective
Services (CPS) to evaluate the complainant.  A CPS caseworker interviewed
appellant who told her that the complainant was accident prone and complained
that her relatives in Indiana had sexually abused her.  On July 31, 2007,
physicians conducted a vaginogram to rule out potential causes of the
complainant=s abdominal pain.  The tests revealed normal vaginal
contour. 

One month later, on August 12, 2007, appellant=s sister was
changing the complainant=s diaper and noticed blood.  She reported
that the complainant told her, ADaddy sat on my tummy and made my vagina
hurt.@  Appellant=s sister called a
nurse to whom the complainant repeated her statement.  A physician conducted a
sexual assault examination and found a portion of the complainant=s hymen missing. 
CPS was contacted again and appellant was ordered to have no more contact with
the complainant.  The physician who conducted the sexual assault examination
consulted with the physician who conducted the earlier vaginogram.  The doctors
concurred that the trauma to the hymen occurred after the initial examination
was conducted, sometime between July 31, 2007 and August 12, 2007 when she was
living with appellant.  From August 2007 to December 2007, the complainant
stayed in Texas Children=s Hospital receiving treatment and
healing.  She was discharged to the care of her maternal grandmother.








Appellant was indicted for aggravated sexual assault of a
child on October 4, 2007.  The first indictment was dismissed, and on June 3,
2008, appellant was re-indicted for the same offense.  On July 21, 2008,
appellant entered a plea of guilty, and the trial court took the case under
advisement pending preparation of the PSI report.  On July 23, 2008, appellant
filed a pro se motion to withdraw his guilty plea on the grounds that his plea
was not voluntary because he was under duress and Awas scared into
the plea by his lawyer.@  On July 25, 2008, appellant=s trial counsel
filed a motion to withdraw appellant=s guilty plea,
which the trial court denied.

On October 2, 2008, the trial court held a sentencing
hearing at which the PSI report was presented.  Appellant also re-urged his
motion to withdraw his plea.  When asked why he did not ask for a jury trial,
appellant said that he was Areally terrified and scared@ and Awas under the
impression that with the doctors and everything else, with everything was
overwhelming.@  Appellant testified that he panicked and decided to
plead guilty.  

Indictment

In his first issue, appellant argues the trial court erred
in accepting his guilty plea to an information without waiver of an
indictment.  Without the personal, intelligent, voluntary and knowing waiver of
indictment by an accused, the trial court does not have jurisdiction to try an
accused by information in a felony case.  Ex parte Smith, 650 S.W.2d 68,
69 (Tex. Crim. App. 1981).  In this case, however, appellant pleaded guilty to
a valid indictment.

Appellant bases his argument on an incorrect recitation in
the judgment.  The judgment reflects that appellant pleaded guilty in cause
number 1169492.  The judgment incorrectly states that appellant pleaded guilty
to an information.  Appellant was initially indicted on October 4, 2007.  He
was re-indicted on June 3, 2008.  On July 21, 2008, the first indictment was
dismissed because the case was re-filed in cause number 1169492.  Our record
contains a valid indictment in cause number 1169492 to which appellant pleaded
guilty.  Because the recitation in the judgment is incorrect, we reform the
judgment to reflect that appellant pleaded guilty to an indictment.  Appellant=s first issue is
overruled.

 

 








Withdrawal of Plea

A. 
Standard of Review

An accused may withdraw his plea any time before judgment
is pronounced or the case has been taken under advisement.  Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. 1979).  The decision to permit the
defendant to withdraw his plea after the judge has taken the case under
advisement is within the sound discretion of the trial court.  Id. 
Because appellant sought to withdraw his guilty plea after the trial court passed
the case for preparation of the PSI, we review the court=s decision under
an abuse of discretion standard. Id.  To establish an abuse of
discretion, an appellant must show that the trial court=s ruling lies
outside the Azone of reasonable disagreement.@  Weatherred v.
State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

B. 
Analysis

A guilty plea must be made knowingly and voluntarily before
the trial court can accept it.  Fuller v. State, 253 S.W.3d 220, 229
(Tex. Crim. App. 2008).  The record must affirmatively disclose that a
defendant who pleaded guilty entered his plea knowingly and voluntarily.  Id. 
In his brief, appellant argues that a trial judge taking a case under
advisement is the equivalent of a jury beginning its deliberations; therefore, A[r]esetting a case
for time to prepare a PSI report does not rise to the level of taking a case
under advisement.@  Appellant=s argument is
contrary to the well-settled law of this state.  Once the judge has admonished
the accused, received his plea, and received evidence, passing the case for a
pre‑sentence investigation constitutes Ataking the case
under advisement.@  Jackson, 590 S.W.2d at 515; Jagaroo
v. State, 180 S.W.3d 793, 802 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Appellant did not seek to withdraw
his plea until the case had been taken under advisement; therefore, he could
not withdraw it as a matter of right.  See Jagaroo, 180 S.W.3d at 802.








No plea of guilty may be accepted by the court unless it
appears the plea is free and voluntary.  See Tex. Code Crim. Proc. Ann. art. 26.13(b).  Proper admonishments
by the trial court create a prima facie showing that the guilty plea was
knowing and voluntary.  Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998).  The appellant then has the burden to show that he did not
understand the consequences of his plea.  Tex.
Code Crim. Proc. Ann. art. 26.13(c). 

Our record contains no recording of the plea proceeding,
but it does contain appellant=s guilty plea and admonishments, which
appellant signed stating he understood the consequences of his plea and the
range of punishment he faced if convicted.  At the hearing on sentencing,
appellant stated he failed to request a jury trial because he was afraid and
panicked.  Appellant=s explanation for his plea does not
reflect a lack of understanding regarding the consequences of his plea.  There
is nothing in the record to show that the trial court abused its discretion in
denying appellant=s motion to withdraw his plea.  Appellant=s second issue is
overruled.

The judgment is reformed to reflect that appellant pleaded
guilty to an indictment.  In all other respects, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Panel consists of
Justices Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).