T. L. JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62814.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 12, 1979.

Charles O. Melder, Houston, for appellant.

Carol S. Vance, Dist. Atty., Larry P. Urquhart and Robert A. Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of aggravated robbery, wherein the appellant, after waiving a trial by jury, entered a plea of guilty before the court. The court assessed punishment at twenty (20) years' confinement in the Department of Corrections. The sufficiency of the evidence is not challenged by the appellant.

The sole question raised by the appellant is that the court erred in denying his motion to withdraw his guilty plea.

On March 13, 1978, appellant announced ready for jury trial after pleading not guilty to the indictment before the court. After the jury was impaneled and sworn, the appellant decided to change his plea to guilty. The appellant was then duly and thoroughly admonished in accordance with Article 26.13, V.A.C.C.P., he waived his right to a trial by jury, and after certain stipulations were entered into and offered into evidence, the court accepted the appellant's plea of guilty. No punishment was assessed and the case was passed for a pre-sentence investigation.

On April 28, 1978, the case was again called for the purpose of assessing punishment. At this time, the appellant declared that he wished to withdraw his plea of guilty and enter a plea of not guilty. This was overruled by the trial court and punishment was assessed.

In support of his contention on appeal, appellant argues that a defendant is allowed to withdraw his plea prior to the time the court has taken the cause under advisement or pronounced judgment. *Wilson v. State*, 515 S.W.2d 274 (Tex.Cr.App.1974). Since a definite penalty is an essential element of a judgment, appellant claims that his request to withdraw his plea prior to his sentencing should have been granted. We disagree.

A liberal practice prevails in this state concerning the withdrawal of a guilty plea, *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W.2d 279 (1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953), and a defendant may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement. *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (1959); *Rumage v. State*, 324 S.W.2d 865 (Tex.Cr.App.1959); *Stanton v. State*, supra; *Ralls v. State*, 151 Tex. Cr.R. 146, 205 S.W.2d 594 (1947). However, where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978).

Although appellant's decision to withdraw his plea in the instant case came prior to the actual pronouncement of the judgment, it came long after the matter had been taken under advisement by the trial court. Under similar circumstances in *Milligan v. State*, supra, this court held that a defendant's request to withdraw his plea of guilty after the case had been taken under advisement by the trial court came too late, and that the court did not abuse its discretion in refusing to allow the defendant to withdraw his plea.

We conclude that the request to withdraw the guilty plea which was some six weeks after the court had taken the case under advisement came too late, despite the fact that punishment had not been assessed. There was no abuse of discretion.

The judgment is affirmed.