TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00332-CR







Julian Guerrero, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-032, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 Pursuant to a plea bargain agreement, appellant entered a plea of guilty before the trial court
to the offense of sexual assault. See Tex. Penal Code Ann. § 22.011(a) (West Supp. 1998). The trial
court accepted appellant's plea, ordered a "PSI," and advised the parties that the cause would be reset
for a punishment hearing. Approximately one month later the punishment hearing was held. In accordance
with the plea bargain, the trial court assessed punishment at fifteen years' confinement and a fine of $2,500. 
In a single point of error, appellant contends the trial court erred when it refused to allow appellant to
withdraw his guilty plea in light of defense counsel's conflict of interest from the beginning of his
representation of appellant. We will overrule appellant's pont of error and affirm the judgment of the trial
court.

 On March 7, 1997, appellant's court-appointed counsel advised appellant in a letter that
he had reached a point in their attorney-client relationship where he could not act any further as his attorney
if appellant wished to have a jury trial because of counsel's feelings about family violence as evidenced by
the fact that he was serving as Chairman of the Board of Directors of the Comal County Women's Shelter. 
A copy of this letter was attached to a motion to withdraw as appellant's counsel filed with this cause.

 On March 18, 1997, appellant entered a plea of guilty pursuant to the plea bargain
agreement. After being duly admonished as to the voluntariness of his plea, the court reviewed the plea
bargain agreement which provided that counts I and II of the indictment would be dismissed (1) and
punishment would be assessed at fifteen years' confinement and a fine of $2,500. Appellant stated that he
understood that the court did not have to follow the plea agreement and that the court would probably not
give appellant the right to appeal. After the court received the plea, a "PSI" was ordered and the case was
reset for a punishment hearing.

 At the beginning of the punishment hearing on April 17, 1997, appellant advised the court
that he wished to withdraw his plea of guilty and have another attorney appointed to represent him. The
court rejected appellant's request, stating that he had already accepted appellant's plea. The court
proceeded to assess punishment in accordance with the plea agreement.

 Appellant asks us to consider the following: (1) the contents of the letter counsel wrote
appellant; (2) appellant's failure to respond the first time the court asked him if he were pleading guilty
because he was guilty; and (3) appellant's statement to the court at the beginning of the punishment hearing.

 Appellant's court-appointed counsel made full disclosure of his possible conflict of interest
to appellant. Apparently appellant was agreeable to the plea agreement that resulted in the dismissal of a
more serious charge as well as the dismissal of another offense like the one to which he pled. We attach
little significance to appellant's failure to respond to the court's question about the voluntariness of his plea. 
We take judicial notice of the fact that this is not an unusual occurrence in the guilty plea procedure.

 We find that Jackson v. State, 590 S.W.2d 514 (Tex. Crim. App. 1979), is dispositive
of the instant cause. In Jackson, as in the instant cause, the trial court accepted the defendant's plea of
guilty and ordered a "PSI." Approximately six weeks later the case was called for assessment of
punishment. At this time, the defendant announced he wished to withdraw his plea of guilty. The court
stated that when a trial court accepts a plea of guilty and takes the case under advisement, the withdrawal
of the plea is within the sound discretion of the trial court. Id. at 515. The court held that the defendant's
request to withdraw his guilty plea some six weeks after the court had taken the case under advisement
came too late, despite the fact that punishment had not been assessed. Id.

 We hold that the trial court's denial of appellant's request to withdraw his plea of guilty at
the beginning of the punishment hearing did not constitute an abuse of the trial court's discretion. 
Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed

Filed: July 2, 1998

Do Not Publish




































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. Count I of the indictment charged appellant with aggravated sexual assault of a female child younger
than fourteen years of age. Count III alleged another offense of sexual assault.



w as appellant's counsel filed with this cause.

 On March 18, 1997, appellant entered a plea of guilty pursuant to the plea bargain
agreement. After being duly admonished as to the voluntariness of his plea, the court reviewed the plea
bargain agreement which provided that counts I and II of the indictment would be dismissed (1) and
punishment would be assessed at fifteen years' confinement and a fine of $2,500. Appellant stated that he
understood that the court did not have to follow the plea agreement and that the court would probably not
give appellant the right to appeal. After the court received the plea, a "PSI" was ordered and the case was
reset for a punishment hearing.

 At the beginning of the punishment hearing on April 17, 1997, appellant advised the court
that he wished to withdraw his plea of guilty and have another attorney appointed to represent him. The
court rejected appellant's request, stating that he had already accepted appellant's plea. The court
proceeded to assess punishment in accordance with the plea agreement.

 Appellant asks us to consider the following: (1) the contents of the letter counsel wrote
appellant; (2) appellant's failure to respond the first time the court asked him if he were pleading guilty
because he was guilty; and (3) appellant's statement to the court at the beginning of the punishment hearing.

 Appellant's court-appointed counsel made full disclosure of his possible conflict of interest
to appellant. Apparently appellant was agreeable to the plea agreement that resulted in the dismissal of a
more serious charge as well as the dismissal of another offense like the one to which he pled. We attach
little significance to appellant's failure to respond to the court's question about the voluntariness of his plea. 
We take judicial notice of the fact that this is not an unusual occurrence in the guilty plea procedure.

 We find that Jackson v. State, 590 S.W.2d 514 (Tex. Crim. App. 1979), is dispositive
of the instant cause. In Jackson, as in the instant cause, the trial court accepted the defendant's plea of
guilty and ordered a "PSI." Approximately six weeks later the case