11th Court of Appeals
Eastland, Texas
Opinion
 
Lionel Zachary Williams
            Appellant
Vs.                  No. 11-01-00331-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            Lionel Zachary Williams entered a plea of nolo contendere to the offense of aggravated
robbery. The trial court convicted appellant of the offense and assessed his punishment at 50 years
confinement. We affirm.
            In his first issue on appeal, appellant contends that the trial court erred in refusing to allow
him to withdraw his plea of nolo contendere. In his second issue on appeal, appellant contends that
his plea was not knowingly and voluntarily entered because he did not have a complete
understanding of the charge against him. The record shows that on July 9, 2001, the trial court held
a hearing on appellant’s plea of nolo contendere. At that time, appellant stated that he went over the
charge against him with his attorney and that he understood the charge. Appellant stated the he was
knowingly and voluntarily waiving his rights. Appellant acknowledged to the trial court that he was
pleading nolo contendere because he understood that the State could produce evidence against him
to establish his guilt beyond a reasonable doubt. Appellant further stated that he was knowingly and
voluntarily entering his plea. Appellant also acknowledged that he knowingly and voluntarily signed
a judicial confession and stipulation of evidence. The trial court found that appellant’s waiver of
rights, his plea, and his judicial confession and stipulation of evidence were made freely and
voluntarily. The trial court further found that the evidence proved beyond a reasonable doubt that
appellant committed the offense of aggravated robbery. The trial court deferred making any further
findings until the time of sentencing.
            On August 23, 2001, appellant informed the trial court that he wished to withdraw his plea
of nolo contendere. When asked why he wished to withdraw his plea, appellant stated: “I feel I
shouldn’t plead guilty for something I didn’t do.” Appellant’s attorney stated that appellant pleaded
nolo contendere because he did not want to receive a long prison sentence. The trial court found that
appellant entered his plea freely and voluntarily and did not allow appellant to withdraw his plea. 
            On September 4, 2001, the trial court held the sentencing hearing. At the hearing, appellant’s
attorney asked appellant whether he was still claiming that he was innocent of the offense. Appellant
responded that he was not. Appellant’s attorney then asked whether appellant was guilty of the
crime. Appellant responded: “To a certain degree.” The State then presented the testimony of the
victim, Kimon Um. The victim testified that he was returning to his apartment around 1:30 a.m.
after closing the convenience store he owned. The victim had approximately $10,000 from the
convenience store in a bag that he intended to deposit the following day. When the victim started
to get out of his car, a man approached him and held a gun to his head. The victim identified
appellant as the man who approached him with a gun. Appellant told the victim to “give me the
bag.” The victim turned around, and appellant shot him. The victim testified that he was shot twice
in the arm. The victim then ran to his apartment. 
            Appellant testified at the sentencing hearing that, on the night of the offense, he was with a
friend and that they stopped by some apartments. Appellant said that his friend got out of the car and
that appellant then got in the driver’s seat of the car. Appellant heard two gunshots. Appellant
testified that he became “paranoid” because he was “under the influence of drugs” and that he “shot
in the air a lot of times.” Appellant testified that he did not know that his friend was committing a
robbery and that he did not shoot the victim. 
            Appellant argues that the trial court erred in refusing to allow him to withdraw his nolo
contendere plea because the trial court had not yet taken the case “under advisement,” citing Jackson
v. State, 590 S.W.2d 514 (Tex.Cr.App.1979), as authority. Appellant contends that the trial court
did not find him guilty until after the close of testimony at the sentencing hearing. He argues that,
because he attempted to withdraw his plea before that time, the trial court had not yet taken the case
“under advisement” as stated in Jackson. 
            A defendant may withdraw his guilty plea as a matter of right any time before judgment has
been pronounced or the case has been taken under advisement. Jackson v. State, supra at 515;
Moreno v. State, 90 S.W.3d 887 (Tex.App. - San Anotnio 2002, no pet’n); Rivera v. State, 952
S.W.2d 34 (Tex.App. - San Antonio 1997, no pet’n). Once the trial court has admonished the
defendant, received the plea, and received evidence, the passage of the case for a presentence
investigation constitutes taking the case under advisement. Moreno v. State, supra; Rivera v. State,
supra. Whether to allow withdrawal of a plea pursuant to a motion filed after the trial court has
taken the case under advisement is within the sound discretion of the trial court. Jackson v. State,
supra; Moreno v. State, supra. 
            The record shows that appellant sought to withdraw his plea after the trial court had taken
the case under advisement. Moreno v. State, supra. Appellant sought to withdraw the plea over a
month after entering the plea because he claimed he was innocent. The record shows that appellant
knowingly and voluntarily entered his plea and that he knowingly and voluntarily signed a judicial
confession and stipulation of evidence. Appellant has not shown that the trial court abused its
discretion in denying his request to withdraw his plea. Appellant’s first issue on appeal is overruled.
            Appellant next argues that his plea was not knowingly and voluntarily entered because he did
not have a complete understanding of the charge against him. At the hearing on his plea, appellant
stated to the trial court that he understood the charge against him. The trial court read the charge to
him and then again asked appellant if he understood the charge. Appellant responded that he
understood. Appellant also stated that he had gone over the charge with his attorney. Appellant has
not shown that his plea was not entered knowingly and voluntarily. Appellant’s second issue on
appeal is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
February 5, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.