**Opinion issued April 23, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00986-CR

————————————

**ANTHONY BELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1305941**

---

## MEMORANDUM OPINION

Appellant, Anthony Bell, without an agreed recommendation, pleaded guilty to the felony offense of aggravated robbery. The case was reset pending completion of a presentence investigation ("PSI") report. The trial court subsequently found appellant guilty and assessed his punishment at confinement

for life.  In two issues, appellant contends that the trial court erred in refusing to allow him to withdraw his guilty plea.  We affirm.

## Background

On May 11, 2011, appellant was charged by indictment with the felony offense of aggravated robbery.  On September 1, 2011,[1] without an agreed punishment recommendation, appellant pleaded guilty to the charged offense and heard admonishments from the trial court.[2]  The trial court accepted appellant's plea, ordered the preparation of a PSI report, and reset the punishment hearing for November 3, 2011.[3]

---

[1] The plea hearing in the clerk's record is incorrectly dated September 1, 2012.  The index, however, accurately reflects the filing date as 9-1-11, and the punishment hearing, which was conducted after appellant's plea of guilty was entered, was held on November 3, 2011.

[2] Appellant also pleaded true to two enhancement paragraphs.

[3] We note that trial counsel requested that the district clerk's office file a supplemental clerk's record to include the PSI report.  On July 24, 2012, an employee in the appeals section of criminal post-trial services of the district clerk's office filed an affidavit stating that the PSI report "is not a part of the case file" and, thus, the clerk's record could not be supplemented as requested.  The transcript of the punishment hearing reflects that neither the State nor trial counsel offered the PSI report as an exhibit, although it is clear that the report was considered by the trial court.  Notwithstanding, omission of the PSI report from the appellate record before us does not affect our analysis because its contents are not relevant to the issue presented on appeal (*i.e.*, whether the trial court erred in refusing to allow appellant to withdraw his guilty plea).  *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004) (not designated for publication) (noting that because PSI report is "confidential" by law, it is not required to be made a part of appellate record and thus is not usually included in record).

On September 16, 2011, appellant mailed a pro se motion to withdraw his guilty plea, which was filed on September 19, 2011. At the punishment hearing, appellant's trial counsel noted that appellant had indicated in his PSI interview that he intended to withdraw his guilty plea. Trial counsel stated that he did not adopt appellant's written motion but orally requested that appellant be permitted to withdraw his plea. The trial court denied both the written and oral motions.

At the punishment hearing, the State called Yvonne Reed and the complainant as witnesses. Reed, appellant's former girlfriend, testified that appellant beat her when she attempted to end their relationship in 2006. Reed testified that she filed a restraining order against appellant and that appellant served time for the incident. The complainant testified that, on October 29, 2009, appellant shot her three times in the course of robbing her in a grocery store parking lot. She testified to the physical, emotional, and psychological injuries she suffered as a result of the incident. At the conclusion of closing arguments, the trial court sentenced appellant to confinement for life.

## Discussion

Appellant contends that he was entitled as a matter of right to withdraw his guilty plea when he mailed his motion to withdraw to the trial court because the request was made before the court had taken the matter under advisement or pronounced judgment. Alternatively, he asserts that the trial court abused its

3

discretion in refusing to allow him to withdraw his plea. The State argues that there was no right of withdrawal, as a matter of law, because the trial court had taken the case under advisement and, therefore, it was within the court's discretion whether to grant appellant's request. Further, the State argues that the trial court did not abuse its discretion in this regard.

A liberal practice prevails in Texas regarding the withdrawal of a guilty plea. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Crim. App. 1978). A defendant may withdraw his guilty plea as a matter of right, without assigning reason, until judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, if a defendant requests permission to withdraw a guilty plea after the trial judge has taken the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *McWherter*, 571 S.W.2d at 313 n.2.

Here, the trial court had already admonished appellant, accepted his guilty plea, and passed the case for pre-sentence investigation. It is well settled that a court takes a case under advisement when it accepts a properly admonished guilty plea and passes the case for pre-sentence investigation and punishment. *See DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981) (finding appellant's decision to withdraw plea was too late because trial court had taken case under

4

advisement when it had accepted appellant's guilty plea and admonished him at hearing two months earlier); *Jackson*, 590 S.W.2d at 514–15 (holding case had been taken under advisement, and defendant could not withdraw guilty plea as matter of right, where court had accepted guilty plea and passed the case for pre-sentence investigation); *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (concluding that defendant could not withdraw guilty plea as matter of right because trial court had taken case under advisement when it had accepted defendant's guilty plea and reset case for hearing on PSI report); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.) (holding defendant could not withdraw guilty plea as matter of right where "only issue remaining to be decided was the appropriate punishment"); *Wissinger v. State*, 702 S.W.2d 261, 262–63 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (holding trial court had discretion to deny defendant's motion to withdraw guilty plea at hearing "which was for the sole purpose" of determining defendant's punishment). Thus, appellant's case was already under advisement and he was not entitled to withdraw his guilty plea as a matter of law. *See Jackson*, 590 S.W.2d at 514. We overrule appellant's first issue.

In the alternative, appellant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. However, appellant offers no explanation to support his argument. Further, we find nothing in the record to

5

demonstrate that the trial court abused its discretion in denying his motion. Appellant judicially confessed to the charged offense at the plea hearing, was properly admonished, and entered a guilty plea. He also acknowledged he was pleading guilty because he was guilty. Both the court and trial counsel vigorously questioned appellant about his understanding of the consequences of his plea. At the plea hearing, appellant acknowledged that no one forced him to plead guilty, that he had had ample time to discuss his guilty plea with his attorney, and that he understood the range of punishment and that the punishment assessed would fall within that range. *See Lawal*, 368 S.W.3d at 883. On this record, we cannot say that the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea. *See Thomas v. State*, 336 S.W.3d 703, 711 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (noting that abuse of discretion occurs when trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably). Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

6