

NUMBER 13-13-00199-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHAKORE AMIL BLAKELY,                                  Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 264th District Court
### of Bell County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Pursuant to a guilty plea, appellant Chakore Amil Blakely was convicted of aggravated sexual assault of a child and sentenced to fifteen years' incarceration. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2012). By three issues, which we renumber as one, Blakely challenges his conviction and argues that the trial

court erred in accepting his guilty plea because he effectively withdrew his plea when he denied a necessary element of the indicted offense. We affirm.

## I. Background[1]

Blakely was indicted with aggravated sexual assault as follows:

> [Blakely], on or about the 15th day of February A.D. 2012, . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of [T.B.], a child who was then and there younger than 14 years of age, by [Blakely]'s finger.

*See id.* At a hearing on November 1, 2012, Blakely confessed to all the elements of the charged offense and pleaded guilty. The trial court found the evidence sufficient but postponed adjudicating Blakely's guilt until sentencing.

After his November 2012 hearing, Blakely filed pro se motions to withdraw his guilty plea and dismiss his counsel. But at the hearing on those motions on January 17, 2013, Blakely informed the trial court that he did not wish to withdraw his plea or dismiss defense counsel. He also expressly admitted to penetrating the alleged victim.

At a pretrial hearing on February 4, 2013, Blakely again told the trial court he wished to plead guilty, and then the following exchange occurred between Blakely and defense counsel:

| [Defense Counsel]: | All right. And you advised the author, the person who visited with you and wrote up your PSI, you said, I put my hands down the pants of a seven year old? |
|---|---|
| [Blakely]: | Yes, sir. |
| [Defense Counsel]: | Do you remember telling her that? |

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

[Blakely]: Yes, sir.

[Defense counsel]: And is that what you did?

[Blakely]: Yes, sir.

[Defense counsel]: And you understand that we had a very lengthy discussion and this is where you've gone back and forth that you're charged with the penetration of the privates of a seven-year-old girl.

[Blakely]: Yes, sir.

[Defense counsel]: I explained to you that the difference between indecency and the sexual assault that you're accused of?

[Blakely]: Yes, sir.

[Defense counsel]: And it's aggravated because of the age of the child.

[Blakely]: Yes, sir.

[Defense counsel]: And so I am asking you, are you guilty of penetrating the sexual parts of a seven-year-old girl?

[Blakely]: I did not penetrate, sir.

[Defense counsel]: So you're telling the Court that you're not guilty of sexual assault of a child or aggravated sexual assault of a child?

[Blakely]: Yes, sir.

[Defense counsel]: And so are you wanting to plead to the sexual assault or aggravated sexual assault of a child even though you're telling the Court you did not penetrate her?

[Blakely]: Yes, sir.

3

| [Defense counsel]: | And I've gone into great length to explain to you that even — and I'm sorry to be graphic, but even the tip of either your finger or whatever they're saying penetrated her, that would be penetration, even the very tip? |
| --- | --- |
| [Blakely]: | Yes, sir. |
| [Defense counsel]: | So you're wanting to plead guilty and continue with your plea of guilty even though you said different in the past? |
| [Blakely]: | Yes, sir. |
| [Defense counsel]: | And even though you deny penetrating her even this very morning? |
| [Blakely]: | Yes, sir. |

After Blakely came down from the stand, the prosecutor made the following remarks to the trial court, in relevant part:

> The second thing, Your Honor, is we went through a plea of guilty, and you're pretty meticulous about going through all the facts. And I've sat here in the court and I'm sure the record will support it, that he was fully informed and aware of what a plea of guilty was.
>
> And then the third thing I want to add is a lot of people have difficulty with the concept of penetration and they may have an idea of what it is or what it is not. And the Court is aware of what the law says, if you get past the lips of the female sexual organ, you don't have to get in the vaginal vault for penetration and that may be part of the issue.
>
> We just proffer that. I'm sure the Court heard of it and [is] aware of it and the plea of guilty should stand. It was full[y] informed and correctly made.

The trial court then determined that Blakely should be permitted to go forward on his guilty plea, and the sentencing hearing was scheduled.

At the sentencing hearing on February 19, 2013, Blakely presented five character witnesses, including his mother, friends of his mother, and members of his church.

4

Blakely then testified. He admitted to putting his hand down the victim's pants. He testified that he was high on marijuana at the time and did not remember exactly what happened. He denied that he put his finger "into [the victim's] vagina," but then testified, "I mean, like I said, I don't think I did, but there's a chance I might have."

At the close of the testimony and after argument by the State and defense counsel, the trial court found Blakely guilty of the charged offense and sentenced him to fifteen years' imprisonment. This appeal followed.

## II.  Standard of Review and Applicable Law

The withdrawal of a guilty plea is a matter within the discretion of the trial court. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979) (citations omitted). In this case, Blakely did not withdraw his guilty plea; Blakely's argument on appeal is that the trial court had a duty to sua sponte withdraw his plea. To that end, we note that the trial court is not required to sua sponte withdraw a guilty plea and enter a plea of not guilty for the defendant so long as the court fulfills its duty to consider the evidence submitted, even where evidence is adduced that either makes the defendant's innocence evident or raises an issue as to the defendant's guilt. *See Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (en banc); *see also Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003) (stating that *Moon* requires nothing more than a decision by the trial court "that a guilty-pleading defendant was guilty as he pleaded, guilty of a lesser included offense, or not guilty"); *Reyes v. State*, No. 03-07-00115-CR, 2008 WL 4603576, at *3 (Tex. App.—Austin Oct. 16, 2008, no pet.) (mem. op., not designated for publication) ("[I]f a defendant waives trial by jury and pleads guilty to the court, and if evidence is thereafter adduced raising a question as to the defendant's guilt, the trial court need not

5

withdraw the guilty plea; rather, the court has the duty to consider the evidence and, if warranted, return a verdict of not guilty or guilty of a lesser included offense.").

## III. Discussion

Having reviewed the entire record, we believe the trial court clearly acted within its discretion in accepting Blakely's plea and adjudicating his guilt. In his initial plea hearing, through his judicial confession, Blakely admitted to each element of the charged offense. Although he later testified that he did not penetrate the victim's vagina, it would have been reasonable for the trial court to believe either Blakely's earlier confessions to the elements or that he did not understand the legal definition of penetration. In short, the trial court acted within its discretion in permitting Blakely to move forward on his guilty plea.

Blakely makes three arguments on appeal. First, Blakely argues that the trial court failed to consider all of the evidence before accepting his guilty plea, violating its duty under *Moon*. Blakely argues that because the trial court did not make a statement "indicating that it did, in fact, consider all the evidence concerning penetration in this case," including Blakely's vacillating and conflicting explanations, the court was not free to accept the guilty plea. We disagree that the record demonstrates the trial court did not consider the evidence before it. To the contrary, after it became apparent that Blakely was unclear about the charges against him, the trial court held multiple hearings before the sentencing hearing. Then, at sentencing, the trial court expressly found the evidence to be sufficient before adjudicating Blakely's guilt. In short, on the record before us, we cannot conclude that the trial court failed to fulfill its duty under *Moon* to consider all the evidence before it. It is apparent from the record that the trial court considered all the evidence before it and decided that Blakely was guilty as he originally

6

pleaded, which was the only decision required under *Moon*.  *See Aldrich*, 104 S.W.3d at 894.

Second, citing *Mendez v. State*, Blakely argues that he "effectively" withdrew his plea when he denied penetrating the victim, that this was an "affirmative action to don the armor again."  *See* 138 S.W.3d 334, 350 (Tex. Crim. App. 2004) (holding that once a trial court has properly advised a defendant about pleading guilty and accepted the plea, the defendant is "required to take some affirmative action to don the armor again").  Having reviewed the testimony, we disagree with Blakely's apparent contention that he unequivocally denied penetrating the victim.  At various points during the course of proceedings, he admitted to penetration, showed some confusion about the exact nature of penetration under the law, and denied penetration.  At his final sentencing hearing, Blakely then stated that he "might have" penetrated the victim.  But crucially, Blakely consistently maintained throughout the proceedings that he wished to plead guilty to aggravated sexual assault, even after the difference between assault and the lesser offense of indecency with a child, which does not include the element of penetration, was explained to him.  In other words, we disagree that Blakely denied an essential element of the offense and, thus, "donned the armor again" and are not persuaded by Blakely's argument in this regard.

Finally, Blakely argues that, in light of his denial of the penetration element, the evidence was insufficient to support his conviction.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (providing that a person commits the offense of aggravated sexual assault if he, in relevant part, "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child [under the age of fourteen] by any means").  "[I]n no event

7

shall a person charged be convicted upon his [guilty] plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). But a judicial confession, standing alone, is sufficient evidence to sustain a conviction upon a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g). Blakely made just such a confession. Moreover, Blakely expressly admitted to penetrating the victim at his January 2013 hearing and stated that "there's a chance [he] might have" penetrated the victim at his February 2013 sentencing hearing. That he equivocated on the penetration element at certain points during the proceedings was a matter of credibility for the trial court, as trier of fact, to resolve, and we find no reason to disturb its resolution on appeal. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence was sufficient to support Blakely's conviction.

Blakely's issue is overruled.

### IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 23rd
day of January, 2014.