In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00027-CR**
_____

**WILLIE BARLOW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-25906**

**MEMORANDUM OPINION**

In one appellate issue, Willie Barlow argues the trial court abused its discretion by refusing to allow Barlow to withdraw the plea he entered to the charge of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). Because the record does not show that Barlow obtained a ruling on his pro se request to withdraw his plea, we conclude that he failed to preserve his complaint for our review.

1

Background

In September 2016, a Jefferson County grand jury indicted Barlow for a theft involving his alleged use or exhibition of a knife. In November 2016, Barlow agreed to plead guilty to aggravated robbery after signing a written acknowledgement that states he could be sentenced to serve "not more than 99 years or less than 5 years in" prison. The trial court conducted a hearing on Barlow's plea in November 2016. During the hearing, Barlow acknowledged that he had spoken with his attorney, that he was mentally competent, that his plea was voluntary, and that he had signed a document warning him of the consequences of his plea. When asked "[h]ow do you plead to this charge," Barlow pleaded guilty. At the conclusion of the hearing, the trial court asked the probation department to prepare a presentence report. However, the trial court did not find that Barlow was guilty of committing aggravated robbery in the November hearing; instead the court scheduled another hearing in January 2017, pending the completion of Barlow's presentence report.

In early December 2016, Barlow sent a letter addressed to Judge John Stevens. Barlow's pro se letter to Judge Stevens appears in the District Clerk's file. However, we cannot determine from the fact that the letter is in the District Clerk's file whether Judge Stevens,[1] the prosecutor who handled Barlow's case, or Barlow's attorney

---

[1] Judge Stevens is the judge who presided over all of the proceedings that are relevant to this appeal.

were ever aware of the request Barlow made in his letter. In his letter, Barlow asked that the trial court allow him to withdraw his plea because he did not understand "the extent of a guilty plea." Nothing in Barlow's letter explains why Barlow did not understand the extent of his plea, given the statements he made when the court heard his plea and the warnings found next to his initials in the documents he signed when he agreed to plead guilty, which explain the consequences of pleading guilty.

Approximately one month after Barlow sent the letter that appears in the District Clerk's file, Barlow returned to court for his sentencing hearing. The reporter's record from Barlow's sentencing hearing reflects that Barlow appeared with the same attorney who had represented him during the hearing in November 2016. During the sentencing hearing, Barlow's attorney told the court that Barlow "wishes to go back to the penitentiary." Shortly thereafter, Barlow stated:

> I wasn't really looking for probation because there was a slim chance I wasn't going to get it. There is not a problem of me going back to prison. It will give me something that I can do, and I made a bad decision. I know I'm a threat to myself and society because of my bad decision-making that costs me and I'm not the smartest person in the world, Your Honor, and I'm not coming up here with excuses and I take full responsibility of what I did.

During the sentencing hearing, the prosecutor argued that Barlow should be sentenced to serve between thirty-five and forty years in prison. Although Barlow addressed the trial court in the hearing, neither Barlow nor his attorney ever advised the trial court in the sentencing hearing that Barlow had mailed a letter addressed to

3

Judge Stevens, or that Barlow desired to withdraw his plea. At the conclusion of the hearing, the trial court found Barlow guilty on the charge of aggravated robbery and assessed a thirty-year prison sentence. Subsequently, Barlow filed a notice of appeal, the trial court appointed counsel to represent Barlow in his appeal, and Barlow's attorney filed a brief arguing that the trial court erred by refusing to allow Barlow to withdraw his plea.

Analysis

Generally, a defendant may withdraw his plea at any time until the trial court pronounces judgment or the trial court takes the case under advisement. *See Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). A case is considered to have been taken "under advisement" after the trial court admonishes the defendant, receives the defendant's plea and evidence regarding the defendant's guilt, and the court decides to reset the case pending its receipt of a report from the probation department that includes its recommendations concerning an appropriate sentence. *See Houston v. State,* 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Saldana v. State,* 150 S.W.3d 486, 490 (Tex. App.—Austin 2004, no pet.). Nevertheless, a trial court has the discretion to allow a defendant to withdraw his guilty plea even after taking the case under advisement. *See Jackson,* 590 S.W.2d at 515; *Jagaroo,* 180 S.W.3d at 802.

4

In Barlow's case, the record does not reflect that the trial court ever ruled on the request in Barlow's pro se letter, in which he sought permission to withdraw his plea. Under the Rules of Appellate Procedure, a party who complains about the decisions made by a trial court must provide the appellate court with a record showing that the party presented the trial court with its complaint "by a timely request, objection, or motion that [] stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a)(1)(A). Additionally, the record filed in support of the appeal must show that the trial court "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." *Id.* 33.1(a)(2)(A), (B).

On appeal, Barlow argues the trial court ignored the request that he made to withdraw his plea. According to Barlow, the trial court found him guilty and pronounced his sentence without allowing him to withdraw his plea. However, the reporter's transcript of the sentencing hearing does not reflect that the trial court was aware of Barlow's pro se letter or of his request to withdraw his plea. In the sentencing hearing, neither Barlow nor his attorney ever requested that Barlow be allowed to withdraw his plea. The fact that Barlow's pro se letter appears in the

5

clerk's record does not demonstrate that anyone ever made the trial court aware of Barlow's desire to withdraw his plea.

On this record, we hold that Barlow failed to obtain either an express or implied ruling from the trial court on Barlow's request for permission to withdraw his plea. Because Barlow failed to preserve his issue for our review, we overrule the issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 8, 2018
Opinion Delivered March 7, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.