**Affirmed and Memorandum Opinion filed March 12, 2020.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00499-CR

**STEPHEN WARFIELD LIVINGS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1417975**

## MEMORANDUM OPINION

Appellant Stephen Warfield Livings pleaded guilty to the second degree felony of, on February 14, 2014, possessing with intent to deliver a material, compound, mixture, or preparation containing not more than 15 milligrams per dosage unit of dihydrocodeinone (hydrocodone) in the amount, by aggregate weight, including adulterants and dilutants, of 28 grams or more but less than 200 grams. Texas Controlled Substances Act, Tex. Health & Safety Code Ann. §§ 481.104(a)(4), 481.114(a), (c). Appellant also pleaded guilty to allegations in

the indictment that he had previously been finally convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final. Tex. Penal Code Ann. § 12.42(d). After receiving appellant's guilty plea, the trial court reset the case for sentencing to allow for a presentence investigation. After the presentence investigation was completed, but before the sentencing hearing, appellant filed a motion to withdraw his guilty plea. The trial court denied the motion and sentenced appellant to imprisonment for 26 years, without a fine. *Id.*

In his sole issue,[1] appellant asserts that the trial court erred in denying his motion to withdraw his guilty plea, arguing that his plea was involuntary because his trial lawyer mistakenly assured him that he would receive a sentence of community supervision if he pleaded guilty. A defendant may withdraw his guilty plea as a matter of right until sentence has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, when a defendant decides to withdraw his guilty plea after the trial court pronounces sentence or takes the case under advisement, the withdrawal of the plea is within the sound discretion of the trial court. *Id.* "It is well settled that passage of a case for pre-sentence investigation constitutes 'taking the case under advisement' despite the fact that punishment has not been assessed." *Stone v. State*,

---

[1] Although appellant is represented by appointed appellate counsel, appellant raises several issues in pro se briefing, including (1) the trial court committed fundamental error by denying appellant his constitutional and statutory right to a jury trial, (2) the trial court committed fundamental error by failing to admonish appellant in compliance with Code of Criminal Procedure article 26.13, (3) appellant's guilty plea was not voluntary, intelligent, and knowing, and (4) there was no evidence presented to sustain the conviction for the offense to which appellant pleaded guilty. Appellant also complains of ineffective assistance of counsel on appeal. This court, however, denied appellant's motion to proceed pro se. And appellant is not entitled to hybrid representation. *See Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (op. on reh'g) ("There is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel."). Appellant's pro se issues therefore "present nothing for review." *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981).

951 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (collecting cases). The record reflects, and appellant concedes, that the trial court had taken this case under advisement before appellant's motion to withdraw his plea. Accordingly, appellant must show that the trial court abused its discretion in denying his motion to withdraw the plea. *See Jackson*, 590 S.W.2d at 515.

In support of his contention that his plea was involuntary, appellant submitted an unsworn affidavit stating that he pleaded guilty because his trial lawyer "informed [appellant] that [he] would receive community supervision for this case if [he] agreed to plead 'guilty' and have the court determine [his] sentence at a PSI hearing." Appellant testified at the sentencing hearing to the same effect. However, "appellant's uncorroborated testimony that he was misinformed by counsel does not meet his burden to show that his plea was involuntary." *Sykes v. State*, 586 S.W.3d 522, 532 (Tex. App.—Houston [14th Dist.] 2019, pet. filed) (citing *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("[A] defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary.")). Absent corroborating evidence that appellant's lawyer misinformed appellant about the sentence he was to receive, we are unable to conclude that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. *See Sykes*, 586 S.W.3d at 532; *Fimberg*, 922 S.W.2d at 208.

We overrule appellant's issue and affirm the trial court's judgment.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Christopher, Spain, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).