# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00756-CR

**Christopher Kirven, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 76432, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Kirven, Jr., pled no contest to the offense of compelling prostitution of a child under the age of 18 years, a first-degree felony. *See* Tex. Penal Code § 43.05(a)(2)–(b). In exchange for his plea, the State agreed that his sentence would not exceed thirty years' imprisonment. After the district court took the case under advisement, Kirven filed a motion to withdraw his plea and to represent himself at trial. The district court denied both motions following a hearing. Later, the district court sentenced Kirven to twenty-five years in the Texas Department of Criminal Justice.[1] We will affirm the judgment of conviction.

A defendant may withdraw his plea as a matter of right until judgment is pronounced or the trial court takes the case under advisement. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Lawal v. State*, 368 S.W.3d 876, 882 (Tex.

---

[1] The district court granted Kirven permission to appeal. *See* Tex. R. App. P. 25.2(a)(2)(B) (concerning permission to appeal in plea-bargain cases).

App.—Houston [14th Dist.] 2012, no pet.). If the request comes after that time, withdrawal of the plea is within the sound discretion of the trial court. *See Jackson*, 590 S.W.2d at 515; *Lawal*, 368 S.W.3d at 882. "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018).

Kirven argues that denying his motion to withdraw was an abuse of discretion because he filed it less than two weeks after entering the plea. He contends that how much time has passed is dispositive under *Jackson. See* 590 S.W.2d at 515 ("We conclude that the request to withdraw the guilty plea which was some six weeks after the court had taken the case under advisement came too late[.]"). But that case involved the issue of whether a defendant should be allowed to withdraw his plea as a matter of right after the case had been taken under advisement but before sentencing. *See id.* at 514. The Court concluded that the trial court did not abuse its discretion because the motion to withdraw, filed after the court had taken the case under advisement, "came too late" even though punishment had not been assessed. *See id.* at 515. The dispositive issue was the fact that the trial court had taken the case under advisement, not how much time had passed since the court had done so. *See id.* Kirven has offered no authority holding that it is an abuse of discretion to deny a motion to withdraw solely based on the time that has elapsed since the defendant entered the plea, and we are aware of none. We conclude that the district court did not abuse its discretion, and we overrule Kirven's first issue.

Kirven next argues that his plea was involuntary. Due process requires that a plea of guilty or no contest "must be entered knowingly, intelligently, and voluntarily." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). "To be 'voluntary,' a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises." *Id.* (citing *Brady v. United States*, 397 U.S. 742,

2

755 (1970)). In determining the voluntariness of a plea, we examine the entire record. *Briggs v. State*, 560 S.W.3d 176, 189 (Tex. Crim. App. 2018). A defendant who enters a plea attesting that he "understands the nature of [his] plea and that it is being made knowingly and voluntarily," as Kirven did here, bears the burden on appeal to show that his plea was involuntary. *See id.* at 187.

At a pretrial hearing in March 2018, the prosecuting attorney made his final plea offer on the record. In exchange for Kirven's plea of guilty or no contest, the prosecutor offered to agree not to file additional charges arising out of the same facts and to recommend that Kirven's sentence not exceed thirty years. If Kirven rejected the offer, the State planned to file at least fifteen additional charges against him, including aggravated sexual assault of a child and human trafficking. Kirven's trial counsel asked Kirven, "Talk about it further?" Kirven replied, "Yeah." When the district court reconvened later the same day, Kirven stated that he wished to plead no contest. Kirven confirmed to the court that he was "entering [his] plea freely and voluntarily" and denied that "anyone [had] threatened [him] or forced [him], or [had] done something to [him] to make [him] enter the plea."

Kirven now argues that his trial counsel at the time coerced him during the three and a half hours preceding his plea. Kirven relies on his testimony from the hearing on his motion to withdraw:

> I was stressing to my attorney, the whole day, I told him that I wanted to go to trial, and I did not want to plea. And every time that the deputy would put me back in the cell, he was coming right back to me and telling me that my lawyer wanted to talk to me. And every time I would go back off in there, he was giving me different reasons why it wouldn't be—why it would be unwise, I mean, not to take that plea. And I kept telling him that I didn't want it.

3

Kirven explained that his counsel advised him during these visits that "it would be almost impossible" to defend against the additional charges that the State intended to bring, and that these charges exposed him to substantially more prison time than he faced under the State's offer. He argues that this advice amounted to coercion, but he also admitted on cross-examination that his counsel did not threaten him. Absent any showing that his counsel's advice was inaccurate—which Kirven does not allege—we conclude on the record before us that the district court did not abuse its discretion in concluding that Kirven's plea was voluntary. *Cf. Kiatt*, 206 S.W.3d at 664 (explaining plea is involuntary if "induced by threats, misrepresentations, or improper promises"). We overrule Kirven's final issue.

Having overruled Kirven's appellate issues, we affirm the district court's judgment of conviction.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed: April 29, 2020

Do Not Publish