

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00092-CR

**JOSE ANGEL MORALES, JR.,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 16,254**

## MEMORANDUM OPINION

Jose Angel Morales, Jr. pled guilty without a recommendation by the State to aggravated assault on a public servant with a deadly weapon (Count One) and assault on a public servant (Count Two). The two charges were enhanced by a prior felony conviction. The trial court sentenced Morales to life in prison on Count One, and 20 years in prison on Count Two. Because the trial court did not abuse its discretion in denying Morales's motion to withdraw his guilty plea, the trial court's judgments are affirmed.

**BACKGROUND**

While in the Burleson County jail for other reasons, Morales assaulted two different jailers. A third incident occurred during the jury selection process for the trial on the two jailer assaults where a deputy was punched by Morales and other officers were injured while trying to subdue Morales. This third incident gave rise to a mistrial as well as new pending charges against Morales. The Burleson County/District Attorney's Office recused itself and sought the assistance of the Brazos County District Attorney to act as special prosecutor for the new charges. The jailer assaults were reindicted and Morales insisted on pleading guilty to both counts without a recommendation by the State. The trial court accepted the pleas and set a punishment hearing at a later date. Three months later, and before his punishment hearing, Morales changed his mind and submitted a motion to withdraw his guilty plea. The trial court denied the motion and proceeded to Morales's punishment hearing.

**WITHDRAWAL OF GUILTY PLEA**

In one issue on appeal, Morales asserts the trial court abused its discretion in denying Morales's motion to withdraw his guilty plea. A defendant may withdraw his guilty plea as a matter of right without assigning reason until a judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, where the defendant decides to withdraw his guilty plea after the judgment has been pronounced or the trial judge takes the case under advisement, the withdrawal of such plea is within the sound discretion of the trial court. *Id.*

Morales argues the trial court abused its discretion because Morales's plea of guilty was involuntary. Specifically, Morales contends counsel conveyed erroneous information which led to his decision to plead guilty; that being, the State would dismiss the other pending charges against Morales if he pled guilty. Morales relies on the Court of Criminal Appeals' opinion in *Ex parte Griffin*, wherein the Court held "a plea of guilty is invalid if it is induced by defense counsel's direct misrepresentation that the State has made a concession which in fact was not part of the plea agreement," to support his argument. *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984).

*Evidence*

According to the evidence adduced at the hearing on the motion to withdraw and the transcription of the plea hearing, the alleged agreement was conditioned on Morales's accepting the term of punishment recommended by the State.[1] Morales refused. Instead, Morales persistently and emphatically wished to plead guilty and let the trial court decide his punishment; much to the dismay of his counsel who stated numerous times on the record that he advised Morales not to plead guilty but to let the jury decide his guilt or innocence and punishment.[2]

---

[1] There may have been two offers by the State; one in December, a day before the Burleson County District Attorney's Office recused itself regarding Morales's new offenses and one in January minutes before Morales's plea. Both offers were conditioned on Morales accepting the State's recommendation of punishment, which was 25 years and 50 years, respectively. Morales refused to accept either recommendation as to a term of punishment.

[2] Counsel even struck out language in the plea papers which stated counsel had advised Morales that pleading guilty "was the right thing to do."

*Application*

The record reflects there was never an agreement by the State to dismiss the other cases against Morales based on an open plea of guilty to the court, and counsel never conveyed such an agreement to Morales. Thus, there was no direct misrepresentation that the State made a concession not part of the plea agreement which would have induced Morales to plead guilty.

## CONCLUSION

Accordingly, the trial court did not abuse its discretion in denying Morales's motion to withdraw his open plea of guilty.

Morales's sole issue is overruled, and the trial court's judgments are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed January 4, 2023
Do not publish
[CRPM]

