

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00090-CR
No. 02-23-00091-CR
No. 02-23-00092-CR
No. 02-23-00093-CR

_____

ERIC ANTONIO JOHNSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1597343D, 1612161D, 1612163D, 1612167D

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

After Appellant Eric Antonio Johnson entered non-negotiated pleas of guilty to four aggravated robberies, the trial court found him guilty and sentenced him to fifty years in prison for each offense with the sentences to run concurrently. On appeal, Johnson asserts two points: (1) the trial court erred when it denied his motion to withdraw his guilty pleas, and (2) the trial court unlawfully assessed duplicate court costs. Because the record supports the trial court's conclusion that Johnson knowingly and voluntarily pleaded guilty to the offenses, we overrule his first point. However, because the judgments in cause numbers 02-23-00091-CR, 02-23-00092-CR, and 02-23-00093-CR improperly duplicated the court costs and reimbursement fees assessed in cause number 02-23-00090-CR, we delete the court costs and reimbursement fees assessed in those three cause numbers and affirm those three judgments as modified. We affirm the judgment in cause number 02-23-00090-CR.

## II. BACKGROUND

Johnson pleaded guilty to four aggravated robberies in July 2022. There is no reporter's record of the hearing, but the trial court later summarized the hearing with Johnson present. Johnson voiced no disagreement with the trial court's summary.

According to the trial court judge, the parties were about to begin voir dire when Johnson volunteered to plead guilty without a plea bargain. The trial court further related that after Johnson conferred with his counsel and executed the

2

appropriate documents, the trial court admonished Johnson before the bench. According to the trial court, Johnson persuaded it that he was entering his guilty pleas voluntarily,[1] so it accepted Johnson's pleas and ordered the Tarrant County Community Supervision and Corrections Department to prepare a presentence investigation report (PSI). The documents supporting the pleas are in the clerk's records for each of the four cases and include Johnson's confessions.

Less than two weeks later, in August 2022, however, Johnson filed a pro se motion to withdraw his pleas of guilty.

About four months later, in December 2022, when Johnson appeared for his sentencing hearing, Johnson agreed that he was still acknowledging his legal responsibility for his crimes and conceded that he was in fact guilty.[2] Johnson,

---

[1]The trial court articulated how Johnson persuaded it:

Defendant advised me multiple times that he understood his rights, that he knew there was a jury in the hall, that he wanted me to make the decision [on punishment]. I advised him guilty/not guilty is water under the bridge; once you plea, the only issue is what -- the sentence, is it fair under the law, the facts and the rules and only what happens after the plea is accepted can be appealed, i.e., the sentence but [not] guilty/not guilty. The Defendant indicated he understood. Defendant was respectful[ and] polite, made eye contact, and [was] articulate. I believed him to be competent at the time to go to trial and competent to make a decision to enter an open plea instead [of having] a trial.

[2]The trial court and Johnson engaged in the following exchange:

THE COURT: Okay. And you do persist and acknowledge your legal responsibility for these crimes, different people have different roles,

3

however, requested a continuance so that he could cooperate more fully with the probation officer for purposes of the PSI. The trial judge advised Johnson that he (the judge) would be retiring at the end of the year and that a different judge would determine Johnson's punishment; Johnson indicated that he understood but nonetheless wanted his sentencing hearing continued. For this purpose, the trial court agreed to Johnson's requested continuance.

But when Johnson appeared for his sentencing hearing in April 2023, he again asserted that his guilty pleas were not voluntary and that he wanted to withdraw them. The trial court refused Johnson's request and proceeded with the sentencing hearing.

### III.  DISCUSSION

**A. Withdrawal of Pleas**

A defendant may withdraw his plea as a matter of right, without assigning a reason, until the trial court pronounces judgment or takes the case under advisement. *Smith v. State*, 609 S.W.3d 351, 352 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet.

---

but under the rules and the law, as you and your lawyer have discussed, you will still concede, as you did under oath before, you are in fact guilty and -- but would like to give an explanation on your behalf of what and how it happened to be in the PSI, versus, A, I just want to start over, which is what you'd told the officer and nothing else, pretty much.

Is that correct?

[JOHNSON]: Yes, sir.

ref'd) (citing *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979)). After the trial court has taken the case under advisement, however, if a defendant wants to withdraw his guilty plea, withdrawal of the plea is within the trial court's sound discretion. *Jagaroo*, 180 S.W.3d at 802. After a trial court has admonished the defendant, received the plea and evidence, and passed the case for presentence investigation, it has taken the case under advisement. *Lawal v. State*, 368 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Jagaroo*, 180 S.W.3d at 802.

Johnson requested to withdraw his guilty pleas after the trial court had admonished him, taken evidence, and passed his case for the presentence investigation. Thus, Johnson attempted to withdraw his pleas after the trial court had taken his cases under advisement. *See Lawal*, 368 S.W.3d at 882; *Jagaroo*, 180 S.W.3d at 802.

We review a trial court's denial of a motion to withdraw a plea after it has taken a case under advisement for an abuse of discretion. *Jackson*, 590 S.W.2d at 515; *Jagaroo*, 180 S.W.3d at 802. To show an abuse of discretion, an appellant must show that the trial court's ruling lies outside the zone of reasonable disagreement. *See Smith*, 609 S.W.3d at 352; *Jagaroo*, 180 S.W.3d at 802. A trial court abuses its discretion only when no reasonable view of the record supports its ruling. *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021).

Courts determine the voluntariness of a guilty plea by the totality of the circumstances. *Thomas v. State*, 615 S.W.3d 552, 568 (Tex. App.—Houston [1st Dist.]

5

2020, no pet.). Only if the guilty plea is entered freely and voluntarily may a trial court accept it. Tex. Code Crim. Proc. Ann. art. 26.13(b). When the record shows that the defendant received the statutory admonishments, there is a prima facie showing that he knowingly and voluntarily pleaded guilty. *Thomas*, 615 S.W.3d at 568–69. A defendant who attested that he understood the nature of his plea and that his plea was voluntary carries a "heavy burden" on appeal to show that his plea was involuntary. *Id.* To meet that burden, the defendant must affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's erroneous admonishment. *Id.*

The documents supporting the July 2022 pleas are in the clerk's records for each of the four cases. At the December 2022 hearing, Johnson reaffirmed that he was guilty of the offenses. At the April 2023 sentencing hearing, Johnson maintained that he did not understand what was happening at the July 2022 hearing. Although he acknowledged having signed the documents, he denied having read them.

As the factfinder, the trial court is entitled to believe or disbelieve all or part of a witness's testimony. *Jackson v. State*, 617 S.W.3d 916, 923 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The trial court did not have to believe Johnson's assertion that he had not understood the consequences of pleading guilty and had not read the admonishments before signing them. The signed July 2022 documents and Johnson's assertions at the December 2022 hearing support the trial court's ruling. We hold that the trial court did not abuse its discretion by refusing to allow Johnson to withdraw

his pleas of guilty. *See Lerma*, 639 S.W.3d at 68; *Jagaroo*, 180 S.W.3d at 801. We overrule Johnson's first point.

## B. Duplicate Costs

In his second issue, Johnson contends that the trial court erred by assessing duplicate court costs in the identical amounts of $345 (reflecting $290 in court costs and $55 in reimbursement fees) in trial court cause numbers 1612161, 1612163, and 1612167 (appellate court cause numbers 02-23-00091-CR, 02-23-00092-CR, and 02-23-00093-CR, respectively). The State concedes this point. We agree with both parties.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a). And when a trial court erroneously assesses court costs for multiple convictions that were tried in a single proceeding, we normally retain the court costs for the offense of the highest category and modify the judgment in the offense of the lower category to delete the duplicate court costs. *Pickrom v. State*, No. 02-19-00188-CR, 2020 WL 1808485, at *2 (Tex. App.—Fort Worth Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication). But when the convictions are the same category of offense and the costs are all the same, the court costs should be based on the

lowest cause number.[3]  *Id.*; *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016) (op. on reh'g), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (not designated for publication).

Accordingly, we sustain Johnson's second issue and delete the $290 award of court costs and the $55 reimbursement fees in the judgments in trial court cause numbers 1612161, 1612163, and 1612167 (appellate court cause numbers 02-23-00091-CR, 02-23-00092-CR, and 02-23-00093-CR, respectively), and, in each judgment, we modify the award of costs and reimbursement fees to reflect $0.

## IV.  CONCLUSION

Having overruled Johnson's first issue and sustained his second issue,

- in trial court cause number 1597343 (appellate court cause number 02-23-00090-CR), we affirm the judgment;

- in trial court cause number 1612161 (appellate court cause number 02-23-00091-CR), we delete the $290 award of court costs and the $55 reimbursement fees, modify the award of court costs and reimbursement fees to reflect $0, and affirm the judgment as modified;

---

[3]The judgment in trial court cause number 1597343 (appellate court cause number 02-23-00090-CR) had reimbursement fees of $65, not $55 like the other three cause numbers, so its assessment was not identical to the other three.  Johnson, however, does not assert that the additional $10 fee in the first cause number was improperly assessed.  *See Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (opting for higher amount because the prohibition is against assessing the same cost more than once).

- in trial court cause number 1612163 (appellate court cause number 02-23-00092-CR), we delete the $290 award of court costs and the $55 reimbursement fees, modify the award of court costs and reimbursement fees to reflect $0, and affirm the judgment as modified; and

- in trial court cause number 1612167 (appellate court cause number 02-23-00093-CR), we delete the $290 award of court costs and the $55 reimbursement fees, modify the award of court costs and reimbursement fees to reflect $0, and affirm the judgment as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 28, 2024